# CIRCUIT COURT OF THE CITY OF ROANOKE

James E. Long

     v.

Mountain Trust Bank et al.

March 22, 1978

Case No. (Law) 4080

By JUDGE ROSCOE B. STEPHENSON, JR.

Although the defendants have filed various pleadings,[1] the threshold question to be decided is whether the plaintiff should be granted a nonsuit.

Previous to the present action, the plaintiff filed a motion for judgment against the same defendants named herein. The previous action lay in tort (fraud and deceit), arose out of the same operative facts as stated in this action and alleged essentially the same wrongful acts by the defendants as are alleged in the present suit. By order entered December 1, 1976, the plaintiff was granted a nonsuit as to the previous action. The present action was filed September 9, 1977, and again, the plaintiff has moved for a nonsuit.

---

[1] The following defense pleadings are before the court: Plea of the Statute of Limitations, Plea of Release, and Demurrer.

A newly enacted Code for Civil Remedies and Procedure took effect October 1, 1977.[2] The new statute relating to nonsuits is set forth in Code § 8.01-380, which reads in pertinent part:

> B. Only one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a matter of right, although the court may allow additional nonsuits or counsel may stipulate to additional nonsuits. The court, in the event additional nonsuits are allowed, may assess costs and reasonable attorney's fees against the nonsuiting party.

Code § 8.01-1 provides that, except as to Limitations of Actions,

> all provisions of this title shall apply to causes of action which arose prior to the effective date of any such provisions; provided, however, that the applicable law in effect on the day before the effective date of the particular provisions shall apply if in the opinion of the court any particular provision (i) may materially change the substantive rights of a party (as distinguished from the procedural aspects of the remedy) or (ii) may cause the miscarriage of justice.

The plaintiff, and all of the defendants, concede that Code § 8.01-380(B) is applicable to the present case. The plaintiff contends, however, that the present suit constitutes a different cause of action from the previous one. The court does not agree.

While the former suit alleged tort liability and the present one is grounded in contract, the operative facts in each are identical, the wrongful acts allegedly committed by the respective defendants are identical and each suit contained the same parties. For the purposes

---

[2] Title 8.01, Code of Virginia, 1950, Volume 2, 1977 Replacement Vol., Code Sections 8.01-1 to 8.01-688, inclusive.

of applying Code § 8.01-380(B), the two suits involve the same cause of action. *See: United States* v. *Craddock-Terry Shoe Corporation*, 84 F. Supp. 842, 845 (W.D. Va. 1949); 46 Am. Jur. 2d, *Judgments*, § 410, p. 577, § 413, p. 580. Moreover, Virginia has abolished the prohibition against joinder of tort and con- tract. Code § 8.01-272.

Aside from the "same cause of action" argument, however, is the additional language in § 8.01-380(B) which states that "[o]nly one nonsuit may be taken . . . *against the same party to the proceeding*, as a matter of right . . . ." (emphasis added).

The court holds, therefore, that the granting of a second nonsuit is a matter within the court's discretion.

The plaintiff asserts that he filed the present suit as a protection "in order to preserve plaintiff's rights within the Commonwealth if complete relief were denied in federal court[3] on procedural grounds," and that process was served on the defendants in this suit "because of office error by plaintiff's attorney." He desires to proceed in the federal court and asserts "[t]he federal forum is preferred by plaintiff because it allows full consideration of the antitrust issues involved in this cause."

If one suit (the federal action) can resolve all issues, including allegations not cognizant by this court (i.e., antitrust issues), this constitutes good cause for granting a nonsuit, provided the defendants' rights are not prejudiced thereby.

The defendants claim prejudice would result, if a nonsuit were granted. While they assert three grounds, the court finds that two grounds have substantial merit.[4]

First, a nonsuit will cause the defendants to suffer economic loss by reason of time, effort and resources

---

[3] Simultaneously with the filing of this action, the plaintiff filed an action in the United States District Court for the Western District of Virginia, alleging the same matters that he alleged in the present suit and alleging, additionally, counts pertaining to the Federal Antitrust Statute.

[4] It is the court's view that the third ground, relating to a tactical advantage in the discovery process, is without substantial merit.

expended to date defending this action. Second, a nonsuit might cause the loss of their defense of the Statute of Limitations, if another suit were subsequently brought, since Code § 8-24, now applicable, might not be applicable to such a subsequent action.

It appears that the court is in a position to protect the defendants in these two areas. Section 8.01-380(B) provides that "[t]he court, in the event additional nonsuits are allowed, may assess costs and reasonable attorney's fees against the nonsuiting party." And counsel for plaintiff concede on brief that "it is within this court's power to enter a nonsuit conditioned on plaintiff's stipulation that defendants' rights with respect to their plea of the statute of limitations be placed in stasis, thereby remaining unaltered in any subsequent state court action." (Plaintiff's Memorandum Supporting Motion for Nonsuit, p. 11.)

The court holds, therefore, that a nonsuit will be granted upon the following conditions:

1. That the plaintiff pay the defendants' reasonable attorney's fees, reasonable expenses, and court costs.[5]

2. That the plaintiff, personally, and his counsel sign and file with the clerk, a stipulation whereby they, and each of them, agree that any defense presently available to the defendants, or any of them, in the present suit, shall remain in full force and effect, undiminished and unaltered in any respect whatever, in the event a subsequent action be brought by the plaintiff, or his privy, against the defendants, or any of them, or their privies, arising out of the same operative facts as stated in the present action.

Upon compliance with these conditions within a reasonable time, an order granting the nonsuit will be entered. If the plaintiff elects not to comply, the court will proceed to hear and adjudicate the present action.

---

[5] If the parties are unable to mutually agree with respect to reasonable attorney's fees and reasonable expenses, the court, by a hearing and after due notice, will determine the same.