## CIRCUIT COURT OF FAIRFAX COUNTY

Shirley A. Pearson

v.

Gary Brown

April 14, 1998

Case No. (Law) 159057

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court upon Defendant's Motion to Quash Service and Motion to Dismiss and upon Plaintiff's Motion for Extension of Time to Obtain Service of Process. The Court heard oral arguments from both sides and then took the matter under advisement. Having now reviewed the briefs and underlying authorities, the Court denies the Plaintiff's Motion for Extension of Time and grants the Defendant's Motion to Quash.

*Facts*

On July 21, 1995, the Plaintiff, Shirley Pearson, filed a suit against Gary Brown, a Fairfax County police officer, for events that occurred on July 23, 1993. The Plaintiff did not attempt to serve the Defendant Brown in that action, and the matter was nonsuited on August 26, 1996. On February 17, 1997, the Plaintiff filed the present suit against Brown. The Plaintiff did not attempt to serve the Defendant Brown. On December 30, 1997, the Court notified the Plaintiff of an impending Rule 3:3 hearing to be set on February 27, 1998. On January 15, 1998, the Plaintiff obtained service on the Defendant by personally serving him with the Motion for Judgment in accordance with Va. Code § 8.01-296. The Defendant, by special appearance,

then filed a Motion to Quash Service and Dismiss the Suit. Defendant Brown argues that since this suit arises from actions that allegedly occurred while he was on duty as a Fairfax County police officer, service must be made in accordance with Va. Code § 8.01-300(4).

## Service of Process

Normally, to obtain service on a defendant, a plaintiff may serve that defendant in accordance with Va. Code § 8.01-296. However, service under this section is not allowed if another section provides for a particular mode of service. Va. Code § 8.01-296. In the case at bar, the Defendant argues that since he is a Fairfax County Police Officer, service must comply with Va. Code § 8.01-300. Virginia Code § 8.01-300(4) provides:

> If the case be against a supervisor, county officer, employee or agent of the county board, arising out of the official actions of such supervisor, officer, employee or agent, then in addition to the person named defendant in the case, on each supervisor and the county attorney … .

In the case at bar, the Defendant argues that service in the present case is defective because the Plaintiff did not serve the Fairfax County Board of Supervisors or the County Attorney. The Plaintiff, however, argues that she does not need to serve the Defendant according to Va. Code § 8.01-300(4) because the Defendant is not an "employee or agent of the county board." The Court disagrees. Clearly, a Fairfax County Police Officer is an employee of Fairfax County and is subject to the control of the Fairfax County Board of Supervisors. Thus, the Plaintiff must obtain service on the Defendant in accordance with Va. Code § 8.01-300(4). For this reason, the Court quashes the service of process on the Defendant.

## Rule 3:3 of the Rules of the Supreme Court of Virginia

The Plaintiff then filed a motion asking the Court for an extension of time under Rule 3:3 in order to obtain proper service on Officer Brown. Rule 3:3 of the Rules of the Supreme Court of Virginia provides:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action

against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

In the case at bar, the Plaintiff argues that she has exercised due diligence as she has served the Defendant within one year. The Court, however, disagrees. The present suit was filed on February 17, 1997. For over ten months, the Plaintiff did not attempt to serve the Defendant Brown. Then after receiving notice of this Court's Rule 3:3 hearing, the Plaintiff defectively served the Defendant with process. This was the Plaintiff's only attempt at service in the present suit, and it also was her only attempt at serving the Defendant during the five years since the alleged incident. The Court cannot find, based upon this one defective attempt at service, that the Plaintiff "exercised due diligence to have timely service" on Officer Brown. Additionally, because the Plaintiff has not shown due diligence, the Court must dismiss the present suit in accordance with Rule 3:3.

## Conclusion

For the above-stated reasons, the Court denies the Plaintiff's Motion for Extension of Time and grants the Defendant's Motion to Quash Service and Motion to Dismiss.