## CIRCUIT COURT OF LOUDOUN COUNTY

Arturo Hernandez

v.

Lisa N. Awld

August 7, 2007

Case No. (Civil) 40837

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on July 24, 2007, for argument on the following: (1) Plaintiff's Motion for Second Nonsuit; (2) Plaintiff's Motion for an Extension of Time to Serve the Defendant; and (3) Defendant's Motion to Dismiss. For the reasons hereinafter set forth, the Plaintiff's motions are denied, and the Defendant's Motion to Dismiss is granted. This action is dismissed with prejudice.

### Facts

This litigation arises out of an automobile accident on September 21, 2001.

The Plaintiff originally filed suit in this Court on September 15, 2003. He nonsuited the case on November 17, 2005, without ever requesting service on the Defendant. On March 24, 2006, the Plaintiff filed his Motion for Judgment in this case. On March 30, 2006, the Loudoun County Sheriff's Office posted service upon the Defendant at 20571 Glenn Brook #2, Sterling, Virginia. On May 11, 2006, counsel for the Plaintiff forwarded a letter to the Defendant addressed to 20571 Glenn Brook #2, Sterling, Virginia (the same address at which service was posted on March 30, 2006). The letter requested

the Defendant to forward the papers served upon her to her insurance company. This letter was sent back to counsel for the Plaintiff marked "Return to Sender" by the Post Office.

Concluding that the Defendant no longer resided at the Sterling address, Plaintiff hired a private investigator to ascertain the Defendant's current address. The private investigator learned that the Defendant now lived at 2217 Choate Road, Fallston, Maryland. On May 24, 2006, a private process server posted a copy of the motion for judgment on the front door of 2217 Choate Road, Fallston, Maryland. As stated below, this posted service was later quashed by this Court on May 4, 2007.

After the attempted posted service on May 24, 2006, Plaintiff's counsel sent a letter to the Defendant at the Fallston, Maryland, address confirming service. The letter was never returned. On May 25, 2006, the Defendant called the office of Plaintiff's counsel and spoke with a paralegal. The Defendant acknowledged that she had received the suit papers and asked what she should do with them. The paralegal told the Defendant to forward them to her insurance company.

At the request of the Plaintiff, service was made by the Sheriff of Chesterfield County upon GMAC Insurance on June 6, 2006. GMAC is the Defendant's insurance carrier. Thereafter, Plaintiff's counsel spoke with an adjustor at GMAC. He told the adjustor that the Defendant had been served. By letter dated June 14, 2006, to Plaintiff's counsel, an adjuster at GMAC confirmed his understanding that Plaintiff's counsel was agreeable to an open extension in which to file responsive pleadings on behalf of the Defendant. The adjuster stated that he asked for the extension to allow time for Plaintiff's counsel to forward his demand package to the adjuster for his review. Plaintiff's counsel sent the demand package to the adjuster. Despite several calls to the adjuster over many months by Plaintiff's counsel, the adjuster did not evaluate the case.

Then in a letter dated April 16, 2007, Plaintiff's counsel asked him to file an answer so the case can be moved toward resolution or trial. On April 19, 2007, the Defendant filed a Motion to Quash Service. The motion was heard by another judge of this Court on May 4, 2007. The motion was granted because posted service out of state is not effective and because no notice of motion for judgment or summons was served upon the Defendant. On May 2, 2007, the Defendant was personally served by a private process server at 8614 Jessica Lane, Perry Hall, Maryland.

## Procedural Posture of the Case

On May 18, 2007, the Defendant filed a Motion to Dismiss pursuant to Rule 3:5 and Va. Code § 8.01-275.1. On July 19, 2007, the Plaintiff filed a Motion for Second Nonsuit and a Motion for an Extension of Time to Serve the Defendant. The motions were argued on July 24, 2007. The Plaintiff asked the Court to consider his Motion for Second Nonsuit before the other motions were argued. After argument, all three motions were taken under advisement.

## Legal Conclusions

I consider the Plaintiff's Motion for Second Nonsuit to have been made before the Defendant's Motion to Dismiss was submitted to the Court for decision. This will allow the Court to consider the Motion for Second Nonsuit because it is deemed made before the Motion to Dismiss had been submitted to the Court for decision. See Va. Code § 8.01-380(A); *Atkins v. Rice*, 266 Va. 328 (2003).

The Plaintiff has already suffered one nonsuit. Therefore, the allowance of a subsequent nonsuit lies within the discretion of the Court for good cause. *See, e.g., Chatman v. Nowell's Auto and Truck Repair*, 37 Va. Cir. 232 (1995); *Long v. Mountain Trust Bank*, 11 Va. Cir. 463 (1978). Under Va. Code § 8.01-380(B) the Court "may allow additional nonsuits."

The automobile accident giving rise to this litigation occurred almost six years ago. If this case were to proceed to trial, then trial would probably occur closer to seven than six years after the accident.

The Plaintiff waited until just before the statute of limitations was due to expire to file the initial suit. He then did nothing. He did not even try to serve the Defendant. After the suit languished with nothing being done by the Plaintiff to move the case along for over two years, he suffers the one nonsuit that he has as a matter of right under Va. Code § 8.01-380(A).

To allow a second nonsuit would have the effect of extending the applicable two-year statute of limitations to a limitations period of over six years. Given the long passage of time since the accident, I see no reason why the right of an injured party to seek redress should now be superior to a defendant's right to have a claim against her resolved as expeditiously as the law allows. That is why statutes of limitations exist. The Motion for Second Nonsuit is denied.

The Plaintiff's Motion for Extension of Time to Serve Defendant is nothing more than a defense to the Defendant's Motion to Dismiss. It is similar to a Plaintiff's motion to overrule a demurrer. If the Motion to Dismiss is denied, then the relief sought in the Plaintiff's motion would be, in effect, granted.

The grounds for the Motion to Dismiss are very simple; the Plaintiff failed to serve the Defendant with process within one year. Rule 3:5; Va. Code § 8.01-275.1. The Plaintiff filed this suit on March 24, 2006. As a result of the Court's granting the Motion to Quash the posted service on the Defendant in Maryland, the Defendant was not effectively served with process until May 2, 2007, over one year after suit was filed.

Rule 3:5(e) provides:

> No order, judgment, or decree shall be entered against a defendant who was served with process more than one year after the institution of the action against that defendant unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on that defendant.

Va. Code § 8.01-275.1 provides:

> Service of process in an action or suit within twelve months of commencement of the action or suit against a defendant shall be timely as to that defendant. Service of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant.

Both the Rule and the statute require a plaintiff to exercise "due diligence to have *timely service* made on the defendants" or "on that defendant." (Emphasis mine.) They do not speak in terms of due diligence to get a defendant before the court.

The only effort made by the Plaintiff to serve the Defendant was defective. The Plaintiff should have known based on the affidavit filed by the private process server that the out of state posting service on May 24, 2006, was defective. The Plaintiff made no other effort to serve the Defendant until after the one-year time period expired.

One defective attempt at service is not the due diligence required by Rule 3:5(e) or Va. Code § 8.01-275.1. *See Haske v. Gondek,* Cir. L11938 (Va. Cir. 1992); *Pearson v. Brown,* 45 Va. Cir. 352 (1998).

It makes no difference that the Plaintiff has not requested a default judgment or that a default judgment has not been granted. There is no provision in either Rule 3:5(e) or Va. Code § 8.01-275.1 that a default judgment must be at issue before the one-year rule comes into play.

It is irrelevant that the Plaintiff may have actually located the Defendant or that the Defendant may have actually received a copy of the motion for judgment (as opposed to receiving process). It is also irrelevant that the Defendant's insurer sought an extension to file responsive pleadings or that the Plaintiff agreed to it. The contractual obligation between an insurance company and its insured does not defeat the defendant's due process rights. *Haske v. Gondek.* It is further irrelevant that the Defendant's insurer failed to respond to Plaintiff's counsel's phone calls or correspondence for nine months. These things are all irrelevant because the due diligence requirement concerns effecting timely service on a defendant, not dealing with a defendant or its representative concerning filing responsive pleadings. I find that that the Plaintiff did not use due diligence in attempting to effect timely service on the Defendant. I find no authority to allow this Court in its discretion to allow an extension of the one-year period under Rule 3:5(e) or Va. Code § 8.01-275.1.

The Motion to Dismiss is granted. The Plaintiff's Motion for an Extension of Time to Serve the Defendant is denied. This case is dismissed with prejudice. It is also dismissed as to State Farm, the Plaintiff's underinsured motorist carrier.