Jo D. MOLINARY, Trustee of the Susan Pruitt Cloud Land Trust, Plaintiff,

v.

**POWELL MOUNTAIN COAL COMPANY, INC., d/b/a Wax Coal Company, Defendant.**

Civ. A. No. 91–0007–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Dec. 31, 1991.

Walton D. Morris, Jr., Daniel R. Bieger, Copeland, Molinary & Bieger, Abingdon, Va., Walton D. Morris, Jr., Gray & Morris, P.C., Clintwood, Va., for plaintiff.

Stephen M. Hodges, Timothy W. Gresham, Penn, Stuart, Eskridge & Jones, Abingdon, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

WILSON, District Judge.

This is a suit for damages pursuant to § 520(f), 30 U.S.C. § 1270(f) (hereinafter § 1270(f)), of the Surface Mining Control and Reclamation Act ("SMCRA"), 30 U.S.C. §§ 1201–1328, by plaintiff, Jo D. Molinary ("Molinary"), Trustee of the Susan Pruitt Cloud Land Trust (the "trust property"), against defendant, Powell Mountain Coal Company, Inc., doing business as Wax Coal Company ("Wax Coal"), alleging that Wax Coal strip mined trust property pursuant to a fraudulently obtained permit. Molinary asserts that the suit is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure. Wax Coal has moved to dismiss, asserting that the court lacks subject matter jurisdiction under § 1270(f) over citizen suits in states whose regulatory and enforcement programs have been approved by the Secretary of the Interior (the "Secretary") pursuant to 30 U.S.C. § 1253. Finding nothing in the clear language of the SMCRA or its legislative history to support Wax Coal's view that federal courts are divested of jurisdiction over citizen suits in states with approved surface mining and reclamation programs, Wax Coal's motion to dismiss will be denied, and a hearing will be held to determine the propriety of class certification.

Virginia's surface mining and reclamation program was approved by the Secretary on December 15, 1981. In February of 1990, Wax Coal applied to the Virginia Division of Mined Land Reclamation ("DMLR") for a permit to conduct surface coal mining operations in an area that included a portion of the trust property. After the issuance of the permit, Molinary

alleged that Wax Coal failed to list on its application all record owners of the trust property. The DMLR agreed. As a result, the DMLR revoked Wax Coal's permit, issued a cessation order against it on January 11, 1991, and ordered it to reclaim the tract. Molinary, in turn, filed the present suit under 30 U.S.C. § 1270(f) for damages arising from Wax Coal's allegedly unauthorized mining operation on trust property.

## I

The SMCRA establishes a "cooperative effort" between the federal and state governments "to protect society and the environment from the adverse effects of surface coal mining operations." 30 U.S.C. §§ 1201(k) and 1202(a). The "cooperative effort" envisioned by Congress places the "major responsibility" for implementation of the SMCRA on the states, with "the Secretary providing oversight, advice, and back-up authority." *In re Permanent Surface Mining Regulation Litig.*, 653 F.2d 514, 516 (D.C.Cir.) (en banc), *cert. denied*, 454 U.S. 822, 102 S.Ct. 106, 70 L.Ed.2d 93 (1981). That "oversight function is shared in part by the public, which is given the right to sue in *federal* court, to compel compliance with the *state* program and its permits." *Id.* at 519 (emphasis added). Public oversight is provided in at least two ways. First, a person whose interest is adversely affected may seek injunctive relief against the United States, the "appropriate state regulatory authority," or "any person who is alleged to be in violation of any rule, regulation, order, or permit issued pursuant to [chapter 25]" of Title 30. 30 U.S.C. § 1270(a). Second, a "person who is injured in his person or property" may bring an action for damages:

> Any person who is injured in his person or property through the violation by any operator of any rule, regulation, order, or permit issued pursuant to this chapter may bring an action for damages (includ-

ing reasonable attorney and expert witness fees) only in the judicial district in which the surface coal mining operation complained of is located.

30 U.S.C. § 1270(f).[1]

Nothing in the SMCRA or its legislative history suggests that the public's "oversight function" is surrendered to a state because that state has an approved regulatory program.[2] Section 520(f), 30 U.S.C. § 1270(f), expressly authorizes citizen suits for damages for violations of "any rule, regulation, order, or permit issued pursuant to [chapter 25]" of Title 30. Chapter 25 codifies the SMCRA. Section 503, 30 U.S.C. § 1253, permits a state wishing "to assume exclusive jurisdiction over the *regulation* of surface coal mining and reclamation operations" to submit its proposed program to the Secretary for approval. (Emphasis added). It follows that once a state program is approved by the Secretary, the rules, regulations, orders, and permits issued under that program are issued, in the language of 30 U.S.C. § 1270(f), "pursuant to" the SMCRA. And even if the language of § 1270(f) were ambiguous, a look at pertinent legislative history quickly confirms that Congress contemplated a federal forum for citizen suits for damages:

> The House bill and the Senate amendment thereto had similar citizen suit provisions. The conferees adopted a blend of these two sections including the House language vesting jurisdiction in the Federal courts without regard to citizenship or jurisdictional amount … and a rewritten version … that establishes a right of action for injuries resulting from an operator's violation of any rule, regulation or order or permit issued under the act (the House bill contained no similar provision).

H.R.Conf.Rep. No. 493, 95th Cong., 1st Sess. 110 (1977), *reprinted in* 1977 U.S.C.C.A.N. 593, 728, 741.

---

1. As a third form of oversight, the public is given notice of proposed surface mining and reclamation activities, and "any person having any interest which is or may be adversely affected" may object and be heard. 30 U.S.C. § 1263.

2. Twenty-four states have approved regulatory programs and eleven have federal programs. *See* 30 C.F.R. §§ 901.1 to 950.30 (1991).

In contrast, Congress gave little, if any, substantive attention to state citizen suits. In delineating the requisites for an approved state program Congress did not even mention them. The closest Congress came was to require states seeking program approval to provide criminal or civil actions for "sanctions for violations of State laws, regulations or conditions or permits." 30 U.S.C. § 1253(a)(2). A civil action for damages is not an action for sanctions. It is inconceivable that having failed to mention state citizen suits for damages, Congress would have intended for them to play a central role—replacing federal citizen suits for damages.[3]

Wax Coal's contention that federal courts are without jurisdiction over citizen suits in states with approved programs is not without authority. The Court of Appeals for the Third Circuit held as much in *Haydo v. Amerikohl Mining Co.*, 830 F.2d 494 (3d Cir.1987); *see also National Wildlife Fed'n v. Lujan*, 928 F.2d 453, 464 n. 1 (D.C.Cir.1991) (concurring opinion). According to *Haydo*, approval of Pennsylvania's surface mining and reclamation program by the Secretary gave Pennsylvania "exclusive jurisdiction," and took away federal court jurisdiction over citizen suits under section 520(f), 30 U.S.C. § 1270(f). *Haydo*, 830 F.2d at 497. The Third Circuit reasoned that "[s]ection 520 offers 'exclusive' jurisdiction to states obtaining approval of a regulatory plan" and "the word 'exclusive' is plain enough." *Id.* In so reasoning, however, the Third Circuit mistakenly relied upon language appearing nowhere in the provision cited. Had the word "exclusive" been used by Congress in § 520, 30 U.S.C. § 1270, as suggested, this court would agree with the Third Circuit. However, the word "exclusive" is used nowhere in § 520, 30 U.S.C. § 1270. Rather, Congress used the word "exclusive" in § 503, 30 U.S.C. § 1253, in describing the *regulatory* jurisdiction ceded to states with approved programs. The court, accordingly, respectfully declines to follow *Haydo*.

## II

Exacting permit application requirements are provided by the SMCRA and implementing federal and state regulations. *See* 30 U.S.C. § 1257 (application requirements); 30 C.F.R. §§ 778.13, .15 (identification of interests and right-of-entry information); VR §§ 480–03–19.777 to .778 (1991) (application requirements). In conformity with the SMCRA and implementing federal regulations, Virginia's approved regulatory program requires that an operator or other applicant identify any person having a recorded interest in the property to be mined. VR § 480–03–19.778. For the reasons stated above, if he fails to do so, he is liable "to any person who is injured in his person or property" in an action in federal court under 30 U.S.C. § 1270(f). Accordingly, Wax Coal's motion to dismiss for lack of jurisdiction is denied.

It is so Ordered.

---

**3.** The court does not suggest that the Secretary could not require a state seeking approval of its regulatory program to provide a concurrent forum for citizen suits.