PRESENT:  All the Justices

NIZAR M. DALLOUL, ET AL.

v.  Record No. 971416   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                      April 17, 1998
JEAN Y. AGBEY


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Jane Marum Roush, Judge

     In this appeal, we determine whether a plaintiff may take a

nonsuit of claims and parties that have been dismissed with

prejudice or otherwise eliminated from the case before the

nonsuit order is entered.

     In June 1996, Jean Y. Agbey filed a seven-count second

amended motion for judgment against Nizar M. Dalloul, Rafiq

Hariri, and five corporations, Hariri Interests, Inc., Hariri

Holdings, Inc., International Technologies Integration, Inc.,

Services Development Corporation, and Caron Corporation.  Count

I of the motion for judgment sought damages from Dalloul for

breach of contract.  Count II alleged that Dalloul and Hariri

breached a partnership agreement.  Count III alleged breach of

fiduciary duties against Dalloul and Hariri.  Count IV

("Conspiracy to Violate, and Induce Violation of, Contractual

Obligations"), Count V ("Statutory Civil Conspiracy"), and Count

VII ("Duress") alleged tortious conduct by all seven defendants,

while Count VI ("Tortious Interference with Contract") made

allegations against all defendants except Dalloul.

The trial court dismissed Count VII, holding that Virginia does not recognize a cause of action for "duress." Shortly thereafter, the trial court dismissed with prejudice Counts III through VI on the ground that those claims were time barred. Thus, only Counts I and II, involving Hariri and Dalloul, remained.

About four months later, Agbey requested the trial court to enter an order of nonsuit pursuant to Code § 8.01-380. Although the defendants requested that the court limit the scope of the nonsuit to Counts I and II, the court entered an order which did not contain such a limitation. The order entered by the trial court stated, in relevant part, "[I]t is hereby: ORDERED that the nonsuit of Plaintiff be, and hereby is, entered." Dalloul, Hariri, Hariri Interests, Inc., and Hariri Holdings, Inc. (collectively, Dalloul) appeal from this order.

Code § 8.01-380(A), at issue in this appeal, provides in relevant part:

> A party shall not be allowed to suffer a nonsuit as to any cause of action or claim or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision.

Dalloul argues that, under the language of Code § 8.01-380, a plaintiff may not use a nonsuit to revive claims or to reinstate claims against parties previously dismissed from the case,

2

because these claims are no longer part of the "proceeding" contemplated by the statute. Dalloul contends that, in dismissing Counts III through VII, the trial court conclusively determined the rights of the parties regarding these claims which constituted a final disposition adverse to Agbey. Thus, Dalloul asserts that the dismissed parties and claims are no longer subject to Agbey's right to take a nonsuit.

In response, Agbey contends that his right to take a nonsuit is "virtually absolute" and is restricted only by the express limitations set forth in Code § 8.01-380, which Agbey contends are not implicated here. In support of this argument, Agbey relies on Winchester Homes, Inc. v. Osmose Wood Preserving, Inc., 37 F.3d 1053 (4th Cir. 1994). There, the federal court of appeals concluded that Code § 8.01-380 permits a plaintiff to suffer a nonsuit of an action as originally filed, even though some of the claims asserted have been dismissed with prejudice prior to entry of the nonsuit order. 37 F.3d at 1058. We disagree with Agbey's argument and the decision in Winchester Homes.

The language of Code § 8.01-380 allows a plaintiff, among other things, the right to take one nonsuit of any cause of action or claim that has not been struck from the case or submitted to the trier of fact for decision. Manifestly, once a trial court has decided a particular claim, that portion of the

action has been "submitted to the court for decision" and the plaintiff may no longer suffer a nonsuit of that claim as a matter of right. See Khanna v. Dominion Bank, 237 Va. 242, 245, 377 S.E.2d 378, 380 (1989). Therefore, when the trial court has reached a final determination in a proceeding regarding any claims or parties to claims, those claims and parties are excluded by operation of law from any nonsuit request. See Bremer v. Doctor's Bldg. Partnership, 251 Va. 74, 80, 465 S.E.2d 787, 791 (1996).

As used in Code § 8.01-380(A), the term "the action" refers to the action then pending before the court, namely, the counts or claims remaining in a case at the time the nonsuit request is made. Claims that have been dismissed with prejudice are not part of a pending action, because a dismissal with prejudice is generally as conclusive of the parties' rights as if the action had been tried on the merits with a final disposition adverse to the plaintiff. Gilbreath v. Brewster, 250 Va. 436, 440, 463 S.E.2d 836, 837 (1995); Reed v. Liverman, 250 Va. 97, 100, 458 S.E.2d 446, 447 (1995); Virginia Concrete Co. v. Board of Supervisors, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956). Thus, we hold that, under the language of Code § 8.01-380(A), "the action" subject to a plaintiff's nonsuit request is comprised of the claims and parties remaining in the case after any other

4

claims and parties have been dismissed with prejudice or otherwise eliminated from the case.

Here, when the trial court dismissed with prejudice Counts III through VI, the respective defendants obtained a final disposition of those counts that was adverse to Agbey and was res judicata as to those claims.  See Reed, 250 Va. at 100, 458 S.E.2d at 447.  Although the order dismissing Count VII did not state that the "duress" claim was dismissed with prejudice, the trial court's ruling that Virginia does not recognize such a cause of action eliminated the "duress" claim from the pending action.  Thus, when Agbey requested the nonsuit, Counts I and II were the only claims remaining in the action.

We disagree with Agbey's contention that this result precludes any right of appeal from the dismissed counts.  When the trial court entered the nonsuit order, the case became concluded as to all claims and parties.  Therefore, since nothing remained to be done in the case, Agbey was entitled to appeal from the orders dismissing Counts III through VII, either by assigning cross-error to Dalloul's petition for appeal or by filing a separate petition for appeal.[*]  See Rules 5:17 and 5:18;

---

[*]We also note that an order which is final as to some, but not all, parties may in some circumstances be appealed before the case is concluded as to all defendants, under the "severable" interest rule set forth in Wells v. Whitaker, 207 Va. 616, 628-29, 151 S.E.2d 422, 432-33 (1966).  See also Leggett v. Caudill, 247 Va. 130, 134, 439 S.E.2d 350, 352

Leggett v. Caudill, 247 Va. 130, 133, 439 S.E.2d 350, 351 (1994); Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964).

We also find no merit in Agbey's claim that a different result is required by our decision in Spotsylvania County School Board v. Seaboard Sur. Co., 243 Va. 202, 415 S.E.2d 120 (1992). Our ruling there did not address the permissible scope of a nonsuit order. Instead, we addressed a situation in which the trial court entered a nonsuit of certain claims after a demurrer to those claims was overruled and a motion for summary judgment was denied. We held that those issues raised on demurrer and motion for summary judgment were rendered moot by the nonsuit and could not be raised on appeal. 243 Va. at 220, 415 S.E.2d at 130. Thus, Spotsylvania is inapposite because the claims at issue in that case were not dismissed with prejudice.

For these reasons, we will reverse the trial court's judgment and remand the case for entry of an order of nonsuit limited to Counts I and II of the second amended motion for judgment.

Reversed and remanded.

---

(1994). In such instances, the order may be appealed either at the time of its entry or when the trial court enters a final order disposing of the remainder of the case. See Code § 8.01-670(A)(3); see e.g., Hinchey v. Ogden, 226 Va. 234, 236-37 and n.1, 307 S.E.2d 891, 892 and n.1 (1983).

6