**Link M. SMITH, Plaintiff,**

v.

**CONSOLIDATION COAL COMPANY and G and A Coal Company, Defendants.**

**Civ.A. No. 97–0016–A.**

United States District Court, W.D. Virginia, Abingdon Division.

May 18, 1998.

Link M. Smith, pro se.

Monroe Jamison, Jr., Abingdon, VA, for Consolidation Coal Co., defendant.

C. Randall Bolling, Richlands, VA, David H. Worrell, Jr., Scott Andrew Simmonds, Richmond, VA, for G & A, defendant.

*MEMORANDUM OPINION*

GLEN M. WILLIAMS, Senior District Judge.

## I. INTRODUCTION

Plaintiff brings this action seeking relief for alleged violations of the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C.A. §§ 1201–1328 (West 1986 & Supp. 1998) ("SMCRA"), by the Defendants. Specifically, Plaintiff asserts that the Defendants mined beyond their approved permitted mining underground ("PMU") and caused damage to the surface of his property. The case is currently before the court on Defendants' second motion for summary judgment as well as their motion for reconsideration. The court exercises jurisdiction pursuant to 28 U.S.C.A. § 1331 (West 1993).

## II. FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural history of this litigation has been exhaustively detailed in earlier Memorandum Opinions of this court issued September 11, 1997 and February 10, 1998. For the purposes of deciding the current motions before the court, we need only recount developments subsequent to the latter ruling. We note that Plaintiff's instant action originally included a number of claims arising from the coal mining activities of the Defendants beneath his property during the late 1980's and early 1990's. His complaint sought relief for numerous regulatory violations, which he maintained, had caused water loss, subsidence, and surface cracking on his land. All but one of Plaintiff's claims were dismissed by this court's February 10, 1998 Order granting the Defendants partial summary judgment. Only Plaintiff's allegation that the Defendants caused cracking by mining beyond their PMU remained viable after that ruling. This claim is the subject of Defendants' current motions.

Once they successfully narrowed Plaintiff's action to the issue of the PMU violation, the Defendants filed a second motion for summary judgment on April 22, 1998. Defendants filed this motion after inspecting Plaintiff's land on April 14, 1997. They argued that Plaintiff was unable to establish the presence of any cracks on his land. With no

existing damage, the Defendants asserted that no issue of material fact existed for trial. The court conducted a hearing on this motion on April 29, 1998 and granted Plaintiff seven days in which to respond. Another hearing was scheduled for May 7, 1998, at which time Plaintiff was to file his response. In the interim, on May 4, 1998, the Defendants filed a motion requesting that the court reconsider its partial denial of summary judgment entered February 10, 1998, in light of a recent decision of the Virginia Supreme Court.

Plaintiff submitted a response to Defendants' motion for summary judgment at the commencement of the May 7, 1998 hearing. Plaintiff attached to his response a sworn affidavit in which he described the remaining damage on his property. Both parties were afforded the opportunity to present arguments at the hearing, and at the conclusion of the parties' arguments, the court rendered a decision denying Defendants' motion for summary judgment and granting Defendants' motion for reconsideration. The court premised its decision regarding the summary judgment motion on a finding that the Plaintiff had established the existence of damage on his property. It appearing that a factual issue remained as to the state of Plaintiff's property, the court denied Defendants' April 22, 1998 motion for summary judgment. In ruling on Defendants' motion to reconsider, however, the court concluded that a Fourth Circuit opinion, which supported the February 10, 1998 partial denial of summary judgment, had been rejected by a recent decision of the Virginia Supreme Court, *Dalloul v. Agbey,* 255 Va. 511, 499 S.E.2d 279 (1998). As this court explained at the hearing, *Dalloul* dictates that Plaintiff's prior state court claim, which was dismissed with prejudice by the Circuit Court of Tazewell County, bars his federal claim by operation of res judicata. For this reason, the court granted Defendants' motion to reconsider and dismissed Plaintiff's PMU claim. This Memorandum Opinion is intended to further explicate these rulings.

## III. LAW AND DISCUSSION

(1) *Defendants' Motion for Summary Judgment*

Defendants' April 22, 1998 motion for summary judgment alleged that no dispute re-

mained concerning damage to Plaintiff's land. Defendants argued that their experts, as well as Plaintiff himself, had stated that no damage persisted on the land at issue as of April 14, 1998. The Defendants submitted the affidavits of experts Larry Johnson, Frank Underwood, and Chad Hatcher in support of this proposition. In opposition, Plaintiff filed a response motion alleging that damage did indeed remain on his property. In his affidavit, Plaintiff alleged that cracks had been covered by Defendants but continued to reduce the value of his land.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In essence ... the inquiry [on a motion for summary judgment is] whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, a court cannot weigh and balance the evidence as it would at trial, but must instead construe the facts "in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979).

Construing the facts of this case in the light most favorable to the Plaintiff, we must deny Defendants' motion for summary judgment. While it is true that a plaintiff bears the burden of proving damages, *see* *Hale v. Fawcett*, 214 Va. 583, 202 S.E.2d 923, 925 (1974), here, the Plaintiff has carried his burden. In his response and in the course of the May 7, 1998 hearing, Plaintiff stated that

cracks remain on his property which have been covered by Defendants. Plaintiff, as the land-owner, certainly is qualified to provide testimony as to the state of his property. We find that Plaintiff has created a question of fact as to the existence of damage on his land. As a result, Defendants' April 22, 1998 motion for summary judgment is denied.

### (2) Defendants' Motion to Reconsider

Defendants also have requested that the court reconsider its earlier partial denial of summary judgment in light of the Virginia Supreme Court's recent decision in *Dalloul*. In partially denying summary judgment on February 10, 1998, we determined that Plaintiff's claim for damages attributable to Defendants' mining beyond the PMU was not barred by the applicable five-year statute of limitations. We found that Plaintiff's claim had accrued in September of 1990, at the latest, and that he filed a bill of complaint, chancery number 93–132, in the Circuit Court of Tazewell County in May of 1993. This bill of complaint included allegations of "substantial and irreparable damage including ... cracks in the surface of his real estate" ascribed to the Defendants. Plaintiff further stated that "[i]n conducting the mining operations as aforesaid, defendants, jointly and severally, have violated provisions of the Virginia Coal Surface Mining Control and Reclamation Act of 1979 ["VCSMCRA"] ... which violations have resulted in damage to Complainant's real estate and have thereby caused Complainant to suffer damages."[1] We further determined that, by order of April 17, 1996, the Circuit Court of Tazewell County dismissed Plaintiff's complaint with prejudice so far as it asserted claims arising from alleged violations of the Virginia surface mining regulations or mining permits issued pursuant to those regulations. Plaintiff subsequently filed a voluntary nonsuit on July 31, 1996 and refiled his claim in this court on January 1, 1997.

---

1. In our summary judgment decision, we concluded that these regulatory violations in contravention of the VCSMCRA necessarily included damage arising from mining beyond the PMU. If this court had concluded that Plaintiff's state court complaint did not include the PMU violation, this claim would have been barred by the statute of limitations in 1995, five years after the

claim accrued. Plaintiff would have been precluded from raising this PMU claim in his January 1, 1997 complaint in this court. Thus, by finding that Plaintiff's state court complaint included the PMU violation, Plaintiff's federal claim satisfied the applicable statute of limitations and survived Defendants' initial motion for summary judgment.

The Defendants sought the dismissal of Plaintiff's federal claim alleging that the five-year statute of limitations relevant to property damage claims had expired. In the course of evaluating this initial motion for summary judgment, we applied Virginia's tolling statute. Virginia Code Annotated § 8.01–229(E)(3) (Michie Supp.1997) provides a six-month period after a voluntary nonsuit during which a plaintiff may refile his claim despite the exhaustion of the applicable statute of limitations. In construing § 8.01–229(E)(3), we relied upon the Fourth Circuit's decision in *Winchester Homes, Inc. v. Osmose Wood Preserving, Inc.*, 37 F.3d 1053, 1057–59 (4th Cir.1994) for the proposition that a nonsuit, even after a state court has made dispositive rulings on claims within a complaint, carries down with it prior orders of the court. By employing this logic, we concluded that Plaintiff's nonsuit had eradicated the circuit court's dismissal of his regulatory claims. As a result, Plaintiff was within the six month tolling extension period on January 31, 1997, when he filed his claim in this court. In our February 10, 1998 ruling, we found Plaintiff's claim to have been timely filed and thus, we denied Defendants' motion for summary judgment with respect to Plaintiff's allegations of mining beyond the PMU.

Defendants' instant motion for reconsideration brings to the court's attention the Virginia Supreme Court's decision in *Dalloul*. In *Dalloul*, the Supreme Court explicitly disagreed with *Winchester Homes'* prediction concerning the application of Virginia's nonsuit statute. *Dalloul*, 499 S.E.2d at 280–81. Specifically, the court found that "[m]anifestly, once a trial court has decided a particular claim, that portion of the action has been 'submitted for decision' and the plaintiff may no longer suffer a nonsuit of that claim as a matter of right.... Therefore, when the trial court has reached a final determination in a proceeding regarding any claims or parties to claims, those claims and parties are excluded by operation of law from any nonsuit request." *Id.*, at 281. On the basis of this decision, the Defendants have requested that the court reconsider its denial of summary judgment as to Plaintiff's PMU claim.

Motions to alter, amend, or seek relief from a court's judgment may be made pursuant to Fed.R.Civ.P. 59(e) or 60(b). If a motion is made within 10 days of judgment, it generally is treated as a Rule 59(e) motion while motions made after 10 days fall under Rule 60(b). *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir.1996); *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir.1991). Having reviewed the decision in *Dalloul*, we find that there has been a significant change in the law which guided this court's partial denial of summary judgment. Applying *Dalloul*, it is clear that Plaintiff's nonsuit did not, in fact, overcome the Circuit Court's order of dismissal. Rather, the continuing validity of the state court's dismissal compels us to reconsider the effect of this prior order on Plaintiff's surviving PMU claim.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Virginia law mandates that a "judgment ... in favor of [a party] bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies." *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917, 920–21 (1974). This doctrine, res judicata, is a "rule mandated by the full faith and credit clause of the Constitution, Article 4 § 1, and its implementing statute, 28 U.S.C. § 1738, and should be applied accordingly." *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981). In order to assert res judicata in Virginia, a party must establish identity of: (1) the remedies sought; (2) the cause of action; (3) the parties; (4) the quality of the persons for or against whom the claim is made, *Simmons v. Commonwealth*, 252 Va. 118, 475 S.E.2d 806, 807 (1996), as well as demonstrate; (5) that a judgment on the merits was rendered in the former action by a court of competent jurisdiction. *Wright v. Castles*, 232 Va. 218, 349 S.E.2d 125, 128 (1986). If res judicata governs the state court's order, Plaintiff may be precluded from relitigating his PMU claim in federal court.

Applying the elements of res judicata, the court concludes that Plaintiff's surviving cause of action must fail. First, no doubt exists that Plaintiff's state and federal suit were filed in the pursuit of the same remedies. Plaintiff sought an injunction against further mining by the Defendants, two hundred thousand dollars in compensatory damages, and four hundred thousand dollars in punitive damages in his bill of complaint in the Circuit Court of Tazewell County. In his federal claim, Plaintiff again sought an injunction, as well as identical compensatory and punitive damages. Second, the causes of action described in each of Plaintiff's suits are identical. In Virginia, "[t]he test to determine whether claims are part of a single cause of action is whether the same evidence is necessary to prove each claim." *Brown v. Haley*, 233 Va. 210, 355 S.E.2d 563, 567 (1987); *Davenport v. Casteen*, 878 F.Supp. 871, 875 (W.D.Va.1995). As noted above, in state court, Plaintiff sought to recover for regulatory violations causing cracks in his land in contravention of the VCSMCRA; which would have included the PMU violations discovered, at the latest, in September of 1990. In federal court, Plaintiff proceeded pursuant to the SMCRA, the federal equivalent of the VCSMCRA, and specifically sought recompense for Defendants' wayward mining beyond the PMU.[2] For res judicata purposes, different statutes can give rise to identical causes of action.

> Under established precedent, the identity of two actions ... will not be destroyed in the res judicata context simply because the two suits are based on different statutes.... Nor will the rule be any different because a state statute is the authority for one action and a federal statute for the other, when the two statutes afford the same right or interdict the same wrong.

*Nash County Bd. of Educ.*, 640 F.2d at 488.

"The SMCRA establishes a 'cooperative effort' between the federal and state governments 'to protect society and the environment from the adverse effects of surface coal mining operations.'" *Molinary*, 779 F.Supp. at 840 (quoting 30 U.S.C. §§ 1201(k), 1202(a)). The SMCRA and the VCSMCRA both provide a cause of action against any person who is alleged to be in violation of "any rule, regulation, order, or permit" issued pursuant to their terms. *See* 30 U.S.C.A. § 1270(a)(1); Va.Code Ann. § 45.1-246.1(A)(1) (Michie 1996). The federal citizen suit provision of the SMCRA, § 1270(f), provides a cause of action in federal court "to compel compliance with the state program and its permits." *Molinary*, 779 F.Supp. at 840. Likewise, Va.Code Ann. § 45.1-246.1(A)(1) allows a plaintiff to recover for permit violations. Mining beyond the permitted area constitutes a permit violation which could be remedied under either of these provisions. Plaintiff has, in fact, relied on each of these statutes depending on the forum hearing his suit. Nevertheless, Plaintiff's suits have sought to redress the same wrong, and Plaintiff's evidence of damage, consisting of cracking and shifting in his land, has been identical in both his state court bill of complaint and his federal complaint. As a result, we conclude that Plaintiff's claim in state court for regulatory violations by the Defendants raised the same cause of action at issue in the instant case.

The third element of res judicata requires Defendants to establish that Plaintiff's state and federal causes of action pursued the same parties. In both cases Plaintiff sought relief from Consolidation Coal Co. and G and A Coal Co. Similarly, Defendants satisfy the fourth requirement of res judicata by establishing the identity of the quality of the persons for or against whom each of the claims is made. In state and federal court, the parties to Plaintiff's suits occupied the same positions with respect to one another. In both suits, Plaintiff has pursued remedies against the Defendants and has been required to demonstrate his alleged damage. Thus, the quality and the position of the parties remained unchanged in state and federal court. *See Mowry v. City of Virginia Beach*, 198 Va. 205, 93 S.E.2d 323, 327 (1956).

---

**2.** The VCSMCRA and other states' mining regulations are promulgated pursuant to the SMCRA. As a result, they forbid nearly identical conduct and can create duplicative causes of action. *See Molinary v. Powell Mountain Coal Co.*, 779 F.Supp. 839, 840–41 (W.D.Va.1991).

The final element of res judicata requires a showing that the earlier judgment was rendered on the merits. In Virginia, "a demurrer, if sustained, is a decision on the merits." *Davenport*, 878 F.Supp. at 875 n. 4; *Gimbert v. Norfolk S.R.R.*, 152 Va. 684, 148 S.E. 680, 682 (1929); *Highsmith v. Commonwealth*, 25 Va.App. 434, 489 S.E.2d 239, 242 (1997). The April 17, 1996 order of the Circuit Court of Tazewell County granted Defendants' partial demurrer and ordered that "the complainant's claim for damages due to alleged violations of the Virginia surface mining regulations and/or mining permits issued pursuant to those regulations is dismissed with prejudice." As a result, this order constitutes a decision on the merits and satisfies res judicata. On the basis of the law as enunciated by *Dalloul*, the Defendants have demonstrated the applicability of res judicata.

## IV. CONCLUSION

Based on the application of res judicata, Plaintiff's claim must be dismissed.[3] The court concludes that the remedies, causes of action, parties, and quality of the parties implicated by Plaintiff's state and federal suits are identical. Further, the clarification of Virginia law provided by *Dalloul* instructs that the order entered by the Circuit Court of Tazewell County was a decision on the merits. As a result, this order governs Plaintiff's present claim. Having once pursued his remedy in state court without success, Plaintiff cannot now be allowed to relitigate his PMU claim. "[R]ights once established by the final judgment of a court of competent jurisdiction shall be recognized by those who are bound by it in every way, wherever the judgment is entitled to respect." *Nash County Bd. of Educ.*, 640 F.2d at 486. For this reason, Plaintiff's action seeking relief for Defendants' mining beyond their designated PMU fails. Defendants' motion for reconsideration is granted and the court's earlier denial of summary judgment is modified so as to dismiss the surviving portion of Plaintiff's claim.

## ORDER

For the reasons stated in the Memorandum Opinion entered this day it is hereby ORDERED and ADJUDGED that Defendants' April 22, 1998 motion for summary judgment is DENIED. However, Defendants' May 4, 1998 motion for reconsideration is GRANTED, and this court's February 10, 1998 Order is modified to dismiss Plaintiff's claim against Defendants' for mining beyond their permitted mining underground. With this modification, Plaintiff's action has been dismissed in its entirety. Plaintiff's time to appeal shall run from the date of this Order.

The Clerk is directed to send copies of this Order to Plaintiff as well as to all counsel of record.

---

**3.** In its ruling from the bench during the May 7, 1998 hearing, the court offered as an alternative ground for the dismissal of Plaintiff's claim, the expiration of the applicable statute of limitations in light of *Dalloul.* Having scrutinized Virginia's tolling statute, VaCode Ann. 8.01–229(E)(1), the court is of the opinion that the statute of limitations does not in fact operate to bar Plaintiff's claim. Had Plaintiff's state cause of action terminated in some matter other than a dismissal on the merits, Va.Code Ann. § 8.01–229(E)(1) would have provided him additional time in which to refile by tolling the statute of limitations while his claim was pending before the circuit court. Because Plaintiff's claim accrued in Sep-tember, 1990, and he filed suit in state court in May, 1993, the period between May, 1993, and April, 1996, the date of decision by the state court, would not have counted against Plaintiff in calculating the five-year statute of limitations. As of April, 1996, Plaintiff would have had approximately two and one half years remaining on his statute of limitations in which to refile. However, by operation of res judicata, the circuit court's dismissal with prejudice terminated Plaintiff's cause of action on April 17, 1996. Thus, in granting Defendants' motion to reconsider, we rely on res judicata as the basis for our decision rather than the exhaustion of the statute of limitations.