## CIRCUIT COURT OF FAIRFAX COUNTY

Shank

v.

Miller Bros., Inc.

January 31, 2001

Case No. (Law) 190502

BY JUDGE JONATHAN C. THACHER

On January 5, 2001, the Court took under advisement Defendant's Plea in Bar of the Statute of Limitations. For the reasons stated below, the Plea in Bar is granted.

In a previous action, Law Number 170875, Plaintiff filed a Motion for Judgment asserting claims of negligence and nuisance against Defendant for injuries sustained on November 9, 1996. At trial, Plaintiff withdrew her claim for negligence and elected to proceed on a claim for public nuisance. During final arguments in the case, Plaintiff elected to nonsuit. On March 14, 2000, the Court entered a handwritten nonsuit order reflecting that Plaintiff had withdrawn her negligence claim, proceeded on her nuisance claim, and then elected to nonsuit.

On September 8, 2000, Plaintiff filed her Motion for Judgment in the present action and reasserted the negligence and nuisance claims. Defendant filed a Plea in Bar asserting that the negligence claim is barred by the Statute of Limitations because the nuisance claim was the only claim remaining at the time of the nonsuit in the previous action.

The negligence and nuisance claims in this case are subject to a two-year statute of limitations. See § 8.01-243. But, where as here, a plaintiff elects to nonsuit under § 8.01-380(A), she may recommence the action within six months of the final order. § 8.01-229(E)(3). The action, however, is limited to claims that remained in the case at the time of the nonsuit. The applicable rule is stated in *Dalloul v. Agbey*, 255 Va. 511, 499 S.E.2d 279 (1998). In that

case, the Court held, "Under the language of Code § 8.01-380(A), 'the action' subject to a plaintiff's nonsuit request is comprised of the claims and parties remaining in the case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from the case." 255 Va. at 514.

Upon review of the transcript from the prior action, the Court finds that Plaintiff's claim of negligence had been eliminated from that case prior to the nonsuit request. For example, on March 13, 2000, prior to the impaneling of the jury, Counsel for Plaintiff stated, "We were proceeding on alternative theories, negligence and public nuisance, and I'm going to withdraw the claim on negligence now and have that — And we'll just dismiss it." (March 13, 2000, Transcript at 3). When asked, "So the only cause of action that he is proceeding on is that of public nuisance," Counsel for Plaintiff responded, "Exactly, Your Honor. . . ." (March 13, 2000, Transcript at 5).

Having decided to withdraw, dismiss, and not proceed on the negligence claim in the prior action, Plaintiff may not re-file that claim as part of this action by availing herself of the tolling provision of § 8.01-229(E)(3). Therefore, Defendant's Plea in Bar is granted.