COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Senior Judge Hodges
Argued at Chesapeake, Virginia


ALVIN W. CROOM AND
 BONNIE C. CROOM
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2134-00-1          JUDGE RICHARD S. BRAY
                                         APRIL 3, 2001
KATHLEEN C. BYRUM AND
 RANDY L. BYRUM


            FROM THE CIRCUIT COURT OF YORK COUNTY
                 N. Prentis Smiley, Jr., Judge

        McClanahan Ingles (Martin, Ingles & Ingles,
        Ltd., on briefs), for appellants.

        Lois N. Manes; Mark W. Byrum, Jr. (The Byrum
        Law Offices, P.C., on brief) for appellees.


     Alvin W. Croom and Bonnie C. Croom (appellants) appeal an

order of the trial court awarding attorney's fees to Kathleen C.

Byrum and Randy L. Byrum (appellees), following appellants'

nonsuit of the subject proceedings.  Appellants contend the trial

court was without authority to award such relief.  We agree and

reverse the disputed order.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On August 7, 1998, appellants filed a "Notice And Motion To Amend Visitation" in the York County Juvenile and Domestic Relations District Court (J&D court), requesting increased visitation with their grandchildren and an order directing Kathleen C. Byrum and "her live-in male companion" to "undergo psychiatric, parenting and substance abuse evaluations." Appellees responded, with a "Joint Brief in Opposition" that included a motion for "reasonable attorneys fees and costs . . . incurred" incident to the proceedings. Following two "conference call[s]" with the parties and counsel, the J&D court denied appellants' motion and ordered the "matter removed from [the] docket," without addressing appellees' request for fees and costs.

On October 1, 1999, appellants appealed to the trial court. Thereafter, on October 28, 1999, appellees renewed the motion in the J&D court for attorney's fees, and appellants moved to quash, challenging the continuing jurisdiction of the J&D court to entertain the issue.

Subsequent proceedings in the circuit court, originally scheduled for May 22, 2000, were rescheduled for July 18, 2000. On July 14, 2000, upon motion of appellants, the trial court entered an order nonsuiting "the appeal."[1] Thereafter, on July 21, 2000, appellees lodged a "Renewal Of Joint Motion For Award Of Attorney Fees" with the trial court. Following a related hearing

_____

[1] Appellees do not challenge the order of nonsuit.

-

on August 4, 2000, the court awarded appellees "attorney's fees and costs in this matter" of $8,000, specifically noting that the relief was not "any type of sanction relative to the nonsuit" but resulted from a finding that appellants had "used the courts inappropriately and . . . [were] proponents of an unnecessary litigation."  This appeal followed.

Code § 8.01-380 provides a party "an absolute right to one nonsuit" of an "action," subject to certain limitations inapplicable to the instant cause.  Nash v. Jenell, 227 Va. 230, 237, 315 S.E.2d 825, 829 (1984).  The "'action'" contemplated by Code § 8.01-380 "refers to the action then pending before the court, namely the . . . claims remaining in a case at the time the nonsuit request is made."  Dalloul v. Agbey, 255 Va. 511, 514, 499 S.E.2d 279, 281 (1998).  "The right to . . . a nonsuit on the eve of trial, notwithstanding a defendant's loss of time and expense incurred in preparation, . . . is a powerful tactical weapon in the hands of a plaintiff."  Trout v. Commonwealth Transp. Comm'r, 241 Va. 69, 73, 400 S.E.2d 172, 174 (1991).  Accordingly, Code § 8.01-380(B) expressly provides that "[o]nly one nonsuit may be taken to a cause of action . . ., as a matter of right."  Should the court thereafter permit "additional nonsuits," the court "may assess costs and reasonable attorney's fees against the nonsuiting party."  Code § 8.01-380(B).

-

Thus, the order of nonsuit entered by the trial court on July 14, 2000, the first in the instant cause, was in accordance with appellants' exercise of a statutory right to terminate the proceedings, despite attendant costs and inconvenience to appellees. Clearly, under the circumstances, the court was without authority to then impose such expenses upon appellants. Moreover, the procedural vehicle indispensable to the relief, appellants' pending "action" in the trial court, had been absolutely terminated prior to entry of the putative award.

We, therefore, reverse the order awarding appellants attorney's fees and costs incurred attendant to the subject proceedings.

Reversed and final.