*447 JUSTICE KINSER,
dissenting.
I disagree with the majority’s conclusion that the trial court’s order granting partial summary judgment merely had “the effect of an in limine determination that in the posture of this case [the plaintiff’s] burden of proof would be to establish willful and wanton negligence.” Rather, I conclude that the ruling was a determination on the merits disposing of the simple negligence claims asserted against one of the defendants, Charles David Wilby.[1] Therefore, the nonsuit should have been limited to the claims that survived the trial court’s award of partial summary judgment. See Dalloul v. Agbey, 255 Va. 511, 514, 499 S.E.2d 279, 281 (1998).
A party may take a nonsuit as to any cause of action or claim provided the party does so “before the action has been submitted to the court for decision.” Code § 8.01-380(A). An action is deemed “submitted to the court” when both parties have yielded the issues to the court for consideration and decision. Liddle v. Phipps, 263 Va. 391, 395, 559 S.E.2d 690, 693 (2002). A party may not take a non-suit after the court has announced its decision, Khanna v. Dominion Bank of Northern Virginia, 237 Va. 242, 245, 377 S.E.2d 378, 380 (1989) (holding that the trial court did not err by denying defendant’s motion for nonsuit made after the court had granted plaintiff’s motion for summary judgment), or reached a final determination regarding any claims or parties to those claims, Dalloul, 255 Va. at 514, 499 S.E.2d at 281. Instead, “ ‘the action’ subject to a plaintiff’s nonsuit request is comprised of the claims and parties remaining in the case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from the case.” Id. (Emphasis added.)
In this case, Wilby moved for summary judgment on the basis that Newton was contributorially negligent as a matter of law.[2] Summary judgment exists “to allow trial courts to bring litigation to an end at an early stage when it clearly appear[s] that one of the parties [is] entitled to a judgment in the case as made out by the pleadings and the admissions of the parties.” Kasco Mills, Inc. v. Ferebee, 197 Va. 589, 593, 90 S.E.2d 866, 870 (1956); accord Carson v. LeBlanc, 245 Va. 135, 140, 427 S.E.2d 189, 192 (1993); see also Rule 3:18. *448 Wilby’s summary judgment motion, if it had been granted by the trial court, would have disposed of the entire case as to Wilby.
The court, however, concluded that full summary judgment was not appropriate. In a letter opinion subsequently incorporated in the order granting partial summary judgment, the court found that Newton’s negligence was contributory and barred recovery as a matter of law. However, the court recognized that contributory negligence will not bar recovery against a defendant who is willfully and wantonly negligent unless the plaintiff is also guilty of willful and wanton conduct. See Wolfe v. Baube, 241 Va. 462, 465, 403 S.E.2d 338, 339 (1991). The court determined that, while “[the] undisputed facts, Virginia law, [and] argument of counsel” established that Newton was “negligent as a matter of law,” the question remained whether Wilby’s conduct was “willful and wanton,” and “whether Wilby [could] rely upon Newton’s contributory negligence as a defense.” Thus, the trial court granted “partial summary judgment for Wilby on the issue whether Ms. Newton’s conduct was contributory negligence.”
Partial summary judgment is “[a] summary judgment that is limited to certain issues in a case and that disposes of only a portion of the whole case.” Black’s Law Dictionary 1449 (7th ed. 1999). By granting partial summary judgment on the issue of contributory negligence, the trial court decided, on the merits, that portion of the case pertaining to Wilby’s alleged simple negligence and thereby eliminated those claims from the case. See Litchford v. Hancock, 232 Va. 496, 499, 352 S.E.2d 335, 337 (1987) (plaintiff’s negligence that is proximate cause of accident will bar recovery); Watson v. Virginia Elec. & Power Co., 199 Va. 570, 575, 100 S.E.2d 774, 778 (1957) (one who is guilty of contributory negligence that caused injuries is not entitled to recover damages therefor). Once those simple negligence claims had been disposed of, “ ‘the action’ subject to [the] plaintiff’s nonsuit request!,]” with regard to Wilby, consisted of only the claims alleging willful and wanton negligence. Dalloul, 255 Va. at 514, 499 S.E.2d at 281. Those were the only claims asserted against Wilby “remaining in the case” after the trial court granted partial summary judgment in his favor. Id.
The majority’s suggestion that the trial court’s ruling granting partial summary judgment did not dismiss any “count or claim in the motion for judgment” places form over substance. It should not matter whether the plaintiff in this case alleged simple negligence and willful and wanton negligence in the same or separate counts. The *449 fact remains that the order awarding partial summary judgment based on Newton’s contributory negligence eliminated the simple negligence claims alleged against Wilby. The trial court obviously recognized this fact when stating, in its letter opinion, that material issues regarding Wilby’s willful and wanton conduct remained for trial.
This Court has defined the term “claim” as “ ‘an authoritative or challenging request,’ ” “ ‘a demand of a right or supposed right,’ ” or “ ‘a calling on another for something due or supposed to be due.’ ” Stamie E. Lyttle Co. v. County of Hanover, 231 Va. 21, 26 n.4, 341 S.E.2d 174, 178 n.4 (1986); see also Black’s Law Dictionary 240 (7th ed. 1999) (the term “claim” is defined as “[t]he aggregate of operative facts giving rise to a right enforceable by a court”). The right eliminated by the order granting partial summary judgment was the right to recover damages caused by Wilby’s alleged simple negligence. See Woodbury v. Courtney, 239 Va. 651, 654-55, 391 S.E.2d 293, 295-96 (1990) (affirming trial court’s grant of partial summary judgment dismissing negligence claim and holding that plaintiff was not entitled to present evidence of negligence during trial on remaining battery claim); see also United Masonry Inc. v. Riggs Nat’l Bank, 233 Va. 476, 484, 357 S.E.2d 509, 514 (1987) (affirming trial court’s grant of partial summary judgment to defendant).
For these reasons, I respectfully dissent and would reverse the trial court’s judgment sustaining the plaintiff’s request to nonsuit all claims alleged in the motion for judgment. Consequently, unlike the majority, I must now address the plaintiff’s separate appeal in which she asserts that the trial court erred in finding that Newton was guilty of contributory negligence as a matter of law.
As the trial court noted in its letter opinion and order granting partial summary judgment, the plaintiff admitted that Newton “climbed onto the van operated by Charles David Wilby” and that Newton “had used intoxicants” before doing so. Based on these undisputed facts, I agree with the trial court’s determination that Newton was contributorially negligent as a matter of law.
Thus, I respectfully dissent and would reverse the judgments of the circuit court in the appeals filed by the defendants (Record Nos. 021606 and 021646) and affirm the judgment in the appeal filed by the plaintiff (Record No. 021655).

 The plaintiff alleged simple negligence as well as willful and wanton negligence with regard to both Wilby’s operation of the vehicle (Count I) and his alleged failure to render assistance (Count II). In a third count, the plaintiff alleged both negligent and willful and wanton entrustment claims against Middleton Heating & Air, Inc. and Daniel J. Middleton.

 The other two defendants did not join in Wilby’s motion for summary judgment.