COURT OF APPEALS OF VIRGINIA

Present: Judges Friedman, Chaney and Lorish
Argued at Salem, Virginia

UNPUBLISHED

C & M TRUCK REPAIR, LLC

                                      MEMORANDUM OPINION[*] BY
v.      Record No. 0660-23-3           JUDGE VERNIDA R. CHANEY
                                           JULY 16, 2024

MORGAN FREIGHT SERVICES, LLC

FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Richard C. Patterson, Judge

William C. Carr, Jr. (Lindsey A. Lewis; Constantine Politis; Franklin
& Prokopik, P.C., on brief), for appellant.

No brief or argument for appellee.[1]

C & M Truck Repair, LLC ("C & M") appeals the circuit court's entry of a "general" nonsuit on the motion of Morgan Freight Services, LLC ("Morgan"). C & M argues that the circuit court erred by allowing the nonsuit after the order granting a demurrer on Morgan's claim for loss of income was eliminated from the case. Thus, C & M asserts that the circuit court erred by failing to limit the nonsuit to Morgan's pending claims. This Court agrees that the circuit court erred by allowing Morgan to nonsuit its loss of income claim because the loss of income claim was not pending when Morgan moved to nonsuit. Accordingly, this Court reverses the circuit court's judgment granting Morgan's nonsuit relating to the loss of income claim and remands the case for entry of an order consistent with this opinion.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Counsel for appellee, Frederick W. Harman, Esq. (Frederick W. Harman, PC), did appear to request an extension of time to file an appellee's brief. This Court granted that extension on August 21, 2023. Appellee did not file its brief or appear for oral argument.

BACKGROUND

Morgan Freight Services, LLC, sued C & M Truck Repair, LLC, for damages sustained by virtue of Morgan's allegedly negligent vehicle repairs. Morgan sought to recover three sets of damages: (1) "[t]he expenses for the work undertaken and improperly performed by C & M," (2) "[t]he expenses for the work done by Worldwide[2] to repair the problems not correctly addressed by C & M," and (3) "[l]oss of income from the truck for the period beginning August 21, 2019 through October 15, 2019 when the truck returned to service." C & M demurred, asserting that the economic loss rule prohibited Morgan from recovering loss of business income in a tort claim. C & M also argued that Morgan had failed to plead its loss of income with sufficient specificity. Morgan moved to amend its complaint. Following a September 2, 2022 hearing, the trial court agreed that the economic loss rule precluded Morgan from recovering loss of income on a tort claim. It also agreed that Morgan had not pleaded its loss of income claim with sufficient specificity. The court, therefore, sustained the demurrer; however, it granted Morgan leave to amend its complaint by October 14, 2022.

Morgan did not file an amended complaint; instead, on December 1, 2022, it moved to nonsuit its action. C & M filed a motion asking the trial court to "enter an order of nonsuit limited to [Morgan's] currently pending claims." It asserted that because Morgan did not file an amended complaint by October 14, its loss of income claim was effectively dismissed with prejudice under Rule 1:1(c). C & M argued that Morgan's claim for lost income "remains dismissed with prejudice and/or eliminated from the case" and should not be part of the nonsuit order.

---

[2] Worldwide is a third-party repair shop that has no role in this dispute.

Morgan countered that the trial court had sustained the demurrer on the loss of income claim "based solely on negligence." It asserted that it should be free to pursue a loss of income claim "on other theories" if it refiled.

The trial court agreed with Morgan, stating that if the new action was "substantially similar" to the dismissed claim, the court would consider whether it had survived demurrer at that time. The trial court reasoned that if leave were granted to file the amended complaint past the deadline, Morgan "would be entitled to nonsuit it." The trial court concluded that Morgan was entitled to a "general nonsuit." The trial court's order granting the nonsuit stated, "the Plaintiff is granted a nonsuit pursuant to the authority of Sec. 8.01-380 of the Code of Virginia." The order does not elaborate on the scope of the ruling.

ANALYSIS

C & M argues on appeal that the "trial court erred by entering a nonsuit order that was not limited to plaintiff-appellee's currently pending claims at the time the nonsuit request was made." The decision to enter a nonsuit is a "question[] of law which we consider de novo." *Temple v. Mary Washington Hosp., Inc.*, 288 Va. 134, 139 (2014) (citing *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)). "A party shall not be allowed to suffer a nonsuit as to any cause of action or claim . . . unless he does so . . . before the action has been submitted to the court for decision." Code § 8.01-380(A). When "the trial court has reached a final determination in a proceeding regarding any claims or parties to claims, those claims and parties are excluded by operation of law from any nonsuit request." *Dalloul v. Agbey*, 255 Va. 511, 514 (1998) (citing *Bremer v. Doctor's Bldg. P'ship*, 251 Va. 74, 80 (1996)). The circuit court here erred by allowing a "general" nonsuit of Morgan's complaint.

After a claim of action is dismissed on demurrer, after the deadline to file an amended complaint has passed, Rule 1:1(c) is clear that claim has been disposed and "otherwise eliminated

- 3 -

from the case." *See Dalloul*, 255 Va. at 514.  When Morgan failed to timely file an amended complaint after the court dismissed its claim on demurrer, that claim of action that was at issue was disposed:

> An order sustaining a demurrer and granting leave to file an amended pleading by a specific time is sufficient to dispose of the claim(s) or cause(s) of action subject to the demurrer, if the amended pleading is not filed within the specific time provided, even if the order does not expressly dismiss the claim(s) or cause(s) of action at issue.

Rule 1:1(c).  Thus, Morgan was barred from bringing the loss of income claim against C & M.  *See Griffin v. Griffin*, 183 Va. 443, 450 (1945) ("A decision of an issue of law on a demurrer is a decision on the merits and constitutes *res adjudicata* as to any other proceedings where the same parties and the same issues are involved.").  A claim disposed of this way—initially with leave given to amend, which by operation of rule has been eliminated from the case—has effectively been dismissed with prejudice, regardless of the absence of an order expressly dismissing the claim or dismissing with prejudice.  *See Dalloul*, 255 Va. at 514-15 ("Although the order dismissing Count VII did not state that the 'duress' claim was dismissed with prejudice, the trial court's ruling that Virginia does not recognize such a cause of action eliminated the 'duress' claim from the pending action.").

Thus, when Morgan failed to file an amended complaint by the deadline imposed by the circuit court, that claim was eliminated from the case.  Under Rule 1:1(c), once the October 14, 2022 deadline to amend the complaint passed, Morgan could not again bring its claim for loss of income before the circuit court and was therefore prohibited from nonsuiting it.  *Cf. id.* at 514 ("Claims that have been dismissed with prejudice are not part of a pending action, because a dismissal with prejudice is generally as conclusive of the parties' rights as if the action had been tried on the merits with a final disposition adverse to the plaintiff." (citing, *e.g.*, *Gilbreath v. Brewster*, 250 Va. 436, 440 (1995)).

- 4 -

After the court granted demurrer on the loss of income claim and Morgan failed to amend its complaint by the deadline, that loss of income claim at issue had been disposed and "otherwise eliminated from the case." *See* Rule 1:1(c); *Dalloul*, 255 Va. at 514. Therefore, as the loss of income claim was not pending at the time of Morgan's nonsuit, the circuit court erred by including that claim in its order granting nonsuit. *See* Code § 8.01-380(A).

## CONCLUSION

Accordingly, for the reasons stated, this Court reverses the trial court judgment granting Morgan's nonsuit relating to the loss of income claim and remands the case for entry of an order consistent with this opinion.

*Reversed and remanded.*