## HARJINDERPAL KHANNA, ET AL.

## V.

## DOMINION BANK OF NORTHERN VIRGINIA, N.A.

Record No. 860588

March 3, 1989

Present: Carrico, C.J., Compton, Stephenson, Thomas, Whiting, and Lacy, JJ.,
and Harrison, Retired Justice

*John P. McGeehan* for appellants.
*John P. Corrado (H. Bradley Evans, Jr.; Hazel, Thomas, Fiske, Beckhorn & Hanes, P.C.*, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

As pertinent to this appeal, Code § 8.01-380(A) provides that a party shall not be allowed to suffer a nonsuit "unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." The sole issue in this case is whether the trial court erred in denying a motion for nonsuit, ruling that the action had been submitted to the court for decision.

In May 1984, appellee Dominion Bank of Northern Virginia, N.A., filed a motion for judgment in detinue against appellants Harjinderpal Khanna and Meenakshi Khanna, trading as Meena Jewelers. The plaintiff alleged that defendants had defaulted on a loan which had been secured by the assets of the defendants' jewelry business. Subsequently, the plaintiff filed an amended motion for judgment making additional claims against the defendants and seeking a money judgment. In response, the defendants filed a grounds of defense and counterclaim. In the counterclaim, defendants alleged that the plaintiff had violated an agreement to fund an installment loan to the defendants and asserted that the plaintiff's seizure of the inventory of defendants' jewelry was wrongful. The plaintiff filed a grounds of defense to the counterclaim and a motion for summary judgment seeking judgment on the original claim and dismissal of the counterclaim.

In April 1985, following a hearing and argument of counsel on the motion for summary judgment, the trial judge stated he would grant judgment in favor of the plaintiff on the original claim, but that he would take under advisement the plaintiff's motion relating to the counterclaim. Plaintiff's counsel was granted leave to

submit supplemental authorities responding to cases cited by defendants' counsel.

Before an order could be entered on the judgment, the defendants filed a petition in bankruptcy. Proceedings in the court below were stayed until August 1985. Judgment on the plaintiff's claim was entered in November 1985.

In December 1985, counsel for the plaintiff filed a supplemental brief in support of its contention that defendants' counterclaim should be dismissed. Later in December 1985, the attorney for the defendants was granted leave to withdraw as counsel of record. In early January 1986, the attorney reentered the case. On January 20, 1986, the attorney mailed a praecipe to the clerk of the court below asking that his appearance be noted as counsel for defendants.

On the next day, the plaintiff's attorney received a telephone message from the trial judge's office indicating that the judge had decided to grant the plaintiff's motion for summary judgment on the counterclaim and asking counsel to prepare the appropriate order for submission to the defendants for review. Apparently, the judge was not aware that defendants' counsel had reentered the case. On the same day, plaintiff's counsel notified defendants' counsel of the substance of the telephone message and, on January 24, 1986, mailed for endorsement a draft order reflecting the court's ruling.

On February 6, 1986, before the draft order was endorsed, counsel for defendants filed a motion to nonsuit the counterclaim. Subsequently, the trial court ruled that at the time the defendants' motion for nonsuit was filed, "the plaintiff's Motion for Summary Judgment on the defendants' Counterclaim had been submitted to the Court for decision and was decided, the Court having received the arguments and memoranda of counsel in support thereof." The trial court, therefore, decided that the motion for nonsuit "comes too late," denied defendants' motion, and dismissed the counterclaim. We awarded defendants this appeal from the March 1986 judgment entered in accord with these rulings.

On appeal, defendants argue the trial court erred in ruling that the action set forth in the counterclaim had been submitted to the court for decision. Defendants point out that in April 1985 plaintiff's motion for summary judgment was argued in writing by a memorandum of law filed by plaintiff's counsel and also was argued orally by both counsel in open court. Defendants say that the

motion thereafter was taken under advisement by the court, until December 1985 when plaintiff "again argued" through its supplemental brief. Defendants contend: "As a result of the pleadings and argument, the case was not submitted to the court by both parties as of the date the Supplemental Brief was filed."

■ Defendants rely on *Moore v. Moore*, 218 Va. 790, 240 S.E.2d 535 (1978). There, we held that a plaintiff in a divorce suit had an absolute right to a voluntary dismissal because the suit had not been "submitted" to the chancellor for decision, even though the defendant unilaterally had forwarded a sketch for a final decree to the court. Construing the nonsuit statute, we said that for a "submission" to have occurred under the procedural circumstances of that suit, "it was necessary for the parties, by counsel, to have *both* yielded the issues to the court for consideration and decision." *Id.* at 795, 240 S.E.2d at 538. We stated that this could have been accomplished "either as the result of oral or written argument, formal notice and motion, or by tendering a jointly endorsed sketch for a decree." *Id.* at 795-96, 240 S.E.2d at 538.

■ In the present case, defendants argue that nothing was done by them to "yield" the issues addressed to the court in plaintiff's supplemental argument. They say that plaintiff should have given formal notice of a motion to enter summary judgment to be based on the reasons advanced in argument, including the argument made in the supplemental brief. Defendants contend that because plaintiff had not taken that "appropriate step" before the nonsuit motion was filed, the trial court improperly denied them their right to the nonsuit. We do not agree; *Moore* is inapposite.

The focus in this case should not be, as defendants urge, on whether the action set forth in the counterclaim had been "submitted" or "yielded" at or after the time plaintiff's supplemental brief was filed. Rather, the important circumstance in this case is that when defendants attempted to take a nonsuit, their action already had been decided and the court had announced its decision. It would be absurd to hold that a claimant could suffer a nonsuit as a matter of right after a court had decided the claim. Manifestly, an action has been "submitted to the court for decision" by the time the court decides the matter. *See City of Hopewell v. Cogar*, 237 Va. 264, 377 S.E.2d 385 (1989) (nonsuit erroneously denied when motion made within 15-day period allowed by court for parties to file memoranda of law); and *Wells v. Lorcom House Condominiums'*, 237 Va. 247, 377 S.E.2d

381 (1989) (nonsuit improperly granted when case dispositive issues fully argued and no further action contemplated or necessary for court to decide issues), decided today.

Consequently, the trial court did not err in ruling that defendants' motion for nonsuit came too late and the judgment appealed from will be

*Affirmed.\**

---

* Defendants also contend the trial court improperly based entry of summary judgment on the original claim upon discovery deposition testimony in violation of Code § 8.01-420, Rule 3:18, and Rule 4:7(e). This issue was not raised in the trial court. Therefore, we will not entertain it for the first time on appeal. Rule 5:25.