## CIRCUIT COURT OF FAIRFAX COUNTY

Dove

v.

Boseman,
Haugan, and
Fairfax County
Police Department

### December 30, 1991

### Case No. (Law) 93845

BY JUDGE THOMAS J. MIDDLETON

This case came to be heard on Defendants Boseman's and Haugan's Demurrers and Pleas in Bar to Count IV of Plaintiff's Motion for Judgment. Upon consideration of the pleadings, case law, and arguments by counsel, the court sustains the demurrers and the pleas in bar.

### *Facts*

The case arises out of an incident alleged to have occurred on May 16, 1986. On May 15, 1987, Plaintiff filed a Motion for Judgment, At Law No. 79147, in this court against Defendants Boseman, Haugan, and the Fairfax County Police Department. Count IV of the Motion for Judgment alleged a 42 U.S.C. § 1983 cause of action. Specifically, Count IV alleged that Defendants, under color of state law, had violated Plaintiff's constitutional rights under the Fifth, Fourteenth, and Eighth Amendments.

On June 2, 1988, Plaintiff nonsuited his claim against the police department.

On May 26, 1989, Judge J. Howe Brown sustained Defendants Boseman's and Haugan's demurrers to Count IV of the Motion for Judgment and dismissed the count. Judge Brown did not grant leave to amend. An order of dismissal was never entered.

On June 5, 1989, Plaintiff took a voluntary nonsuit against the two remaining defendants, Boseman and Haugan.

On October 31, 1989, Plaintiff filed a new Motion for Judgment, At Law No. 93845, against all three defendants. The Motion for Judgment included a fourth count, which was identical to the count dismissed by Judge Brown in all respects except that it added a Fourth Amendment claim to the 42 U.S.C. § 1983 violation.

Defendants Boseman and Haugan filed demurrers to Count IV on the grounds that because Judge Brown had dismissed Count IV prior to the taking of the nonsuit, Plaintiff is barred by *res judicata* from asserting this cause of action. Additionally, defendants filed pleas in bar which asserted that although the original Count IV did not include a Fourth Amendment claim, that claim is now barred by the two-year statute of limitations for tort claims.

## *Discussion*

The issue before the court is whether the dismissal of one count of a Motion for Judgment, prior to the taking of a nonsuit, bars by *res judicata* the cause of action in that dismissed count.

Pursuant to Va. Code § 8.01–380(A) (Supp. 1991), "a party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so . . . before the action has been submitted to the court for decision." Not only had the demurrers to Count IV been "submitted to the court for decision," they had been sustained. As the Virginia Supreme Court stated in *Khanna v. Dominion Bank of Northern Virginia*, 237 Va. 242, 245 (1989):

> It would be absurd to hold that a claimant could suffer a nonsuit as a matter of right after a court had decided the claim. Manifestly, an action has been "submitted to the court for decision" by the time the court decides the matter.

As in the case at bar, the nonsuit in *Khanna* was taken after decision but prior to entry of any order. Therefore, insofar as Plaintiff's new Count IV is identical to his former Count IV, it is barred by *res judicata*.

Although the Fourth Amendment claim is not barred by *res judicata*, it is barred by the two-year statute of limitations for tort claims.

For all the foregoing reasons, the court sustains the demurrers and the pleas in bar to Count IV. Counsel for defendants will draft an order which conforms with this opinion.