PRESENT: All the Justices

CECILA RENE LIDDLE

                                          OPINION BY
v.  Record No. 010614          JUSTICE DONALD W. LEMONS
                                        March 1, 2002
JOHN REX PHIPPS

            FROM THE CIRCUIT COURT OF CARROLL COUNTY
                      Duane E. Mink, Judge

     In this appeal, we consider whether an order of nonsuit

under Code § 8.01-380(A) was proper.

                 I.  Facts and Proceedings Below

     On May 2, 2000, John Rex Phipps ("Phipps") filed a personal

injury action against Cecila Rene Liddle ("Liddle").  Liddle

timely filed her grounds of defense and on May 19, 2000, Liddle

served interrogatories on Phipps.  Phipps did not respond to

Liddle's interrogatories, despite inquiries by Liddle in June,

July, and August 2000.  On August 11, 2000, Liddle filed a

motion to compel discovery.

     At a telephone hearing on August 23, 2000, the trial court

orally granted Liddle's motion to compel and ordered that Phipps

completely and accurately respond to Liddle's discovery requests

by October 2, 2000, or pay a sanction of $250.  The trial court

further ordered that if Phipps failed to completely and

accurately respond to Liddle's discovery requests by November 2,

2000, Phipps' "action shall be dismissed with prejudice, which

dismissal this Court finds to be an appropriate sanction in accordance with Rule 4:12 and other applicable Virginia law."[1]

Phipps failed to respond to Liddle's discovery request by either the October or November deadlines established in the order. Liddle prepared a proposed final order dismissing the case with prejudice and presented the order to Phipps for endorsement.

On November 29, 2000, Phipps filed a motion for nonsuit. At a hearing on December 4, where Phipps appeared in person and Liddle participated by telephone, the court heard argument on both Liddle's proposed final order dismissing the case with prejudice and Phipps' motion for a nonsuit. During the hearing, Liddle argued that because Phipps failed to respond to the discovery requests, the case should be dismissed with prejudice in accordance with the trial court's order of October 5, 2000. Liddle further maintained that Phipps' motion for nonsuit came too late because the action "had 'been submitted to the Court for decision' within the meaning of [Code § 8.01-380]."

Phipps' counsel stated that Phipps is elderly and unable to drive, that he and his wife live in South Carolina where his wife is under treatment in a health care facility, and that their daughter, the only person who could drive them to

---

[1] The trial court entered an order on October 5, 2000 memorializing the August ruling.

2

Virginia, was in a car accident sometime after November 2, 2000. Phipps' counsel stated that he contacted Phipps "on several occasions to have him return to Carroll County" in order to prepare the discovery responses, but Phipps had not yet returned. Phipps' counsel maintained that the motion for nonsuit was not untimely, that Phipps had not previously taken a nonsuit in this action, and that he had an absolute right to a nonsuit under Code § 8.01-380.

The trial court found that "[Phipps] ha[d] not served . . . responses to [Liddle's] discovery requests," but the trial court held "that [Phipps'] motion for nonsuit [was] not too late under § 8.01-380 or the decisions of the Supreme Court of Virginia interpreting that statute, and consequently, that [Phipps'] motion for nonsuit should be granted." Additionally, the trial court ordered that Phipps pay Liddle the sum of $250 as a discovery sanction. Liddle appeals the ruling of the trial court granting Phipps a nonsuit.

## II. Analysis

On appeal, Liddle argues that the trial court's October 5, 2000 order "constituted an adjudication that this case should be and would be dismissed with prejudice" if Phipps did not respond to the discovery requests by November 2, 2000. Liddle maintains that the matter of dismissal had been submitted to the circuit court for decision and had been decided. Accordingly, Liddle

argues, Phipps' November 29, 2000 motion for nonsuit was untimely under Code § 8.01-380.[2]

Code § 8.01-380(A) provides in pertinent part:

A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceedings, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision.

As we have previously held, a matter that has been decided most assuredly has been "submitted to the court" under the terms of the statute. Khanna v. Dominion Bank, 237 Va. 242, 245, 377 S.E.2d 378, 380 (1989). However, when further submissions from the parties are contemplated, a matter has not been finally yielded for decision or finally determined.

In the context of this discovery dispute, the trial court ordered Phipps to respond to discovery requests propounded by Liddle and provided an escalating series of sanctions for failure to do so. The trial court's order provided, in part, that, "if the plaintiff fails to respond completely and accurately to the defendant's discovery requests by October 2, 2000, the plaintiff shall pay to the defendant the sum of $250.00 which payment this Court finds to be an appropriate sanction in accordance with Rule 4:12 and other applicable Virginia law." Clearly, a failure to respond at all would be

---

[2] Phipps did not submit a brief in this appeal.

4

sanctionable, as would a response that was not complete and accurate.  The order, by its very terms, contemplated that further consideration by the trial court regarding compliance may be necessary before the sanction could be imposed.

Similarly, the trial court's discovery order contemplated a second level of sanction by directing that, "if the plaintiff fails to respond completely and accurately to the defendant's discovery requests by November 2, 2000, the plaintiff's action shall be dismissed with prejudice, which dismissal this Court finds to be an appropriate sanction in accordance with Rule 4:12 and other applicable Virginia law."  As with the first level of sanctions, the provision for dismissal also contemplated further consideration by the trial court to potentially evaluate the completeness and accuracy of Phipps' responses prior to imposition of a dismissal order as a sanction.  Additionally, the last provision in the trial court's order stated, "[a]nd this action is continued."

The express language of the discovery order and the subsequent conduct of counsel and the trial court confirm that further consideration by the trial court was contemplated by the discovery order.  On this record, it is clear that the issue of dismissal had not been decided by the discovery order.

Nonetheless, the question remains, was the issue "submitted to the court for decision?"  In Transcontinental Ins. Co. v.

5

RBMW, Inc., 262 Va. 502, 514, 551 S.E.2d 313, 319 (2001), we held that "when construing the nonsuit statute, . . . for an action to be 'submitted to the court,' it is 'necessary for the parties, by counsel, to have both yielded the issues to the court for consideration and decision.'" (Citing Moore v. Moore, 218 Va. 790, 795, 240 S.E.2d 535, 538 (1978)). In City of Hopewell v. Cogar, 237 Va. 264, 377 S.E.2d 385 (1989), we held that there was no submission of the issue when the trial court permitted the litigants to file additional memoranda in support of their positions on a motion for summary judgment, and the plaintiff took a nonsuit prior to the date upon which such memoranda were due. Id. at 267, 377 S.E.2d at 387. Similarly, in the case before the Court, the express terms of the discovery order and the conduct of the parties reveal that additional consideration by the trial court was anticipated before the matter of dismissal would be decided. We hold that the issue of dismissal was not decided by the discovery order and was not submitted to the trial court within the meaning of Code § 8.01-380(A).

Citing The Berean Law Group v. Cox, 259 Va. 622, 528 S.E.2d 108 (2000), Liddle argues that the discovery order became a final order upon the occurrence of Phipps' failure to respond to discovery on November 2, 2000 and that an order of nonsuit could not be entered more than 21 days after November 2, 2000. In

*Berean* the trial court had ordered that a demurrer be sustained and further that "plaintiff's action against [the defendants] shall STAND DISMISSED unless on or before [a subsequent date certain], the plaintiff shall file an Amended Motion for Judgment which is sufficient in law." *Id.* at 624, 528 S.E.2d at 110. The plaintiff did not act within the time specified, and on a date more than 21 days after the time specified in the order, the trial court granted plaintiff's motion for a nonsuit. *Id.* at 625, 528 S.E.2d at 110.

We reversed the trial court's entry of nonsuit and entered final judgment for the defendants, holding: "[A]n order that sustains a demurrer and dismisses the case if the plaintiff fails to amend his motion for judgment within a specified time becomes a final order upon the plaintiff's failure to file an amended motion within the specified time." *Id.* at 626, 528 S.E.2d at 111. An order sustaining a demurrer and dismissing a case is a final order, whereas the discovery order in this case was not. We have recently restated that discovery orders are not final orders. *America Online, Inc. v. Anonymous Publicly Traded Co.*, 261 Va. 350, 358, 542 S.E.2d 377, 381 (2001). Because the discovery order was not final, it was not subject to the limitations upon modification contained in Rule 1:1. Additionally, as we have noted above, the discovery order did not decide the issue of dismissal.

7

When the trial court simultaneously considered the motion for entry of a dismissal order and the motion for entry of an order of nonsuit, the dismissal issue had not been decided or previously submitted to the court for decision.  Because the discovery order was not subject to the limitations of Rule 1:1, the trial court had the power to reconsider its provisions.  Clearly, the trial court did so when it entered the nonsuit order rather than the dismissal order.  The trial court did not err in doing so.

Accordingly, we will affirm the judgment of the trial court.

<u>Affirmed</u>.