PRESENT: All the Justices

SHANNON GAIL ATKINS

                                              OPINION BY
v.  Record No. 022479          JUSTICE DONALD W. LEMONS
                                      September 12, 2003
ESTELLE BROWN RICE


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Herbert C. Gill, Jr., Judge[1]

     In this appeal, we consider whether a plaintiff may take a

nonsuit when a defendant's motion to dismiss has been filed,

memoranda of law in support of and in opposition to the motion

have been submitted, arguments have been made before the trial

court by both parties, with no further evidence to be presented

or arguments to be made, and the case has been presented to the

trial court for its decision.

                    I.  Facts and Proceedings Below

     On February 14, 2001, Estelle Brown Rice ("Rice") filed a

motion for judgment against Shannon Gail Atkins ("Atkins")

alleging personal injuries from an automobile accident.  Rice

requested service of process on January 31, 2002 at Atkins' last

known address.  On February 5, 2002, a sheriff's deputy posted a

copy of the motion for judgment on the door of Atkins' last

known address; however, the Chesterfield County Clerk's Office

_____

     [1] The Honorable Herbert C. Gill, Jr. entered the final order
in the case; however, The Honorable Michael C. Allen presided
over the motion hearing and issued a letter opinion to counsel
announcing the judgment of the court.

was notified by the current residents one day later that Atkins no longer resided there.  After learning that service of process on Atkins by posting had not been successful, Rice requested service of process on Atkins through the Commissioner of the Division of Motor Vehicles on February 11, 2002.  The Commissioner's certificate of compliance, however, was not filed with the Circuit Court of Chesterfield County until February 25, 2002.  Therefore, pursuant to Code § 8.01-326.1,[2] service of process upon Atkins was effective one year and eleven days after the motion for judgment was filed.

Atkins made a special appearance on April 10, 2002 and filed a motion to dismiss.  The motion requested that Rice's motion for judgment be dismissed pursuant to Rule 3:3 because Atkins was served with process more than one year after the commencement of the action and Rice failed to exercise due diligence to perfect timely service.  Rice filed a motion in opposition, and the parties appeared before the trial court on July 15, 2002 for a hearing on the motion to dismiss.  After hearing oral argument from Atkins' counsel, the trial court heard argument from Rice's counsel who concluded his presentation with the following exchange with the trial court:

---

[2] Code § 8.01-326.1 states the following in pertinent part: "Service of process or notice on a statutory agent shall be effective as of the date the certificate of compliance is filed

2

> Counsel:  I don't think that there can be any greater diligence as a matter of fact and as a matter of law [than] was undertaken by the plaintiff in this case, and for those reasons we would ask the Court to overrule the motion to dismiss, and in the alternative at least permit us to take a nonsuit.
>
> Court:    Is that a motion for a nonsuit?
>
> Counsel:  No, sir.
>
> Court:    You said no?
>
> Counsel:  No, sir.

After this exchange, counsel for Atkins made rebuttal argument and asked the trial court to dismiss the case with prejudice. The trial court responded by beginning to rule on the motion: "[Counsel], I sympathize with your frustration but –[.]" Counsel for Rice interrupted by stating, "Judge, we take a nonsuit."  Counsel for Atkins argued that it was too late to take a nonsuit because the court had begun announcing its ruling on the motion.  The trial court took the matter under advisement and informed the parties that it would render its judgment in a letter opinion.

In its letter opinion dated July 15, 2002, the trial court, relying on Hilb, Rogal & Hamilton Co. v. DePew, 247 Va. 240, 245, 440 S.E.2d 918, 921 (1994), granted Rice's motion for nonsuit, holding that "Code § 8.01-380(A) permits a plaintiff to

_____

with the clerk of the court in which the action or suit is

3

take a nonsuit during the course of the court's explanation of its proposed ruling." Subsequently, the trial court entered a final order granting the nonsuit. Atkins appeals the adverse judgment of the trial court.

## II. Analysis

Code § 8.01-380(A) provides in part that a party will not be permitted to take a nonsuit "unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." The first circumstance anticipated by the statute deals with a motion to strike the evidence and focuses upon the actual rendering of a decision. As we explained in Hilb, Rogal & Hamilton Co., a party may nonsuit even during the trial court's comments in anticipation of its ruling on a motion to strike so long as the ruling has not yet been made.

The motion before the trial court was not a motion to strike evidence; rather, it was a motion to dismiss based upon defects in service of process. These circumstances are governed by that portion of Code § 8.01-380(A) that prohibits a nonsuit unless a motion is made "before the action has been submitted to the court for decision."

pending."

4

When construing the nonsuit statute, for an action to be "submitted to the court," it is necessary for the parties to have yielded the issues to the court for consideration and decision. Transcontinental Ins. Co. v. RBMW, Inc., 262 Va. 502, 514, 551 S.E.2d 313, 319 (2001). "However, when further submissions from the parties are contemplated, a matter has not been finally yielded for decision or finally determined." Liddle v. Phipps, 263 Va. 391, 394, 559 S.E.2d 690, 692 (2002).

In the case before us, the matter clearly had been submitted to the court for decision, and no further submissions were contemplated. Both parties had filed written memoranda in support of their positions concerning Atkins' motion to dismiss for failure of timely service of process. No further written submissions were contemplated, and neither party had sought leave to file any further papers. The parties had the opportunity to present oral argument and any evidence in support of their respective positions before the trial court on July 15, 2002. When asked by the trial court if he wanted to take a nonsuit, Rice's counsel expressly stated twice that he did not. After some final statements by Atkins' counsel, nothing further was expected from the parties, and the matter had been submitted for decision.

The trial court erred in granting Rice's nonsuit. Accordingly, we will reverse the judgment of the trial court and

remand the case to the trial court for decision on Atkins'

motion to dismiss.

<u>Reversed and remanded</u>.