Present:  All the Justices

FORD MOTOR COMPANY

OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
October 31, 2003

v.  Record No. 030008

MARGARET JONES

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane M. Roush, Judge

In this appeal, we consider whether a plaintiff may take a voluntary nonsuit pursuant to Code § 8.01-380(A) after a judgment that confirmed a jury verdict had been reversed, and the case had been remanded to the circuit court for a new trial.

Plaintiff, Margaret Jones, initially filed her motion for judgment against Ford Motor Company (Ford) and Cherner Lincoln Mercury-Annandale, Inc. (Cherner Lincoln Mercury).  She alleged that she and her husband purchased a 1991 Lincoln Town Car, manufactured by Ford, from Cherner Lincoln Mercury's predecessor in interest.  Plaintiff also alleged that she was injured when a defect in the car's cruise control system made the car accelerate suddenly without warning, causing the car to travel out of control and crash into a concrete stanchion.

Plaintiff dismissed her cause of action against Cherner Lincoln Mercury.  The jury considered plaintiff's claims and returned a verdict in favor of Ford.  The circuit court

entered a judgment confirming the verdict, and we granted plaintiff an appeal.

Upon appeal, we held that the circuit court erred because it refused to permit plaintiff to introduce certain evidence and the court failed to properly instruct the jury. We affirmed the judgment of the circuit court in part, reversed in part, and remanded the case for a new trial consistent with the views expressed in our opinion. Jones v. Ford Motor Company, 263 Va. 237, 263-64, 559 S.E.2d 592, 606 (2002).

After this case had been remanded to the circuit court, but prior to the start of the new trial, plaintiff requested a nonsuit pursuant to Code § 8.01-380(A), which states in pertinent part:

> "A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision."

Ford objected to plaintiff's nonsuit. The circuit court overruled the objection and entered an order that permitted plaintiff to nonsuit her amended motion for judgment. Ford appeals.

Ford argues that Code § 8.01-380(A) does not permit plaintiff to take a voluntary nonsuit because, during the first trial, plaintiff's claims had been submitted to the jury

2

which retired and rendered a verdict.  Continuing, Ford argues that this Court's mandate that reversed and annulled the circuit court's judgment confirming the verdict has no effect upon the plaintiff's statutory right to take a nonsuit, and this Court's mandate is "immaterial to the operation of the nonsuit statute."[*]  Responding, plaintiff contends that after the case had been remanded for a new trial, she was entitled to take a nonsuit pursuant to Code § 8.01-380(A) because a new trial had not taken place and, therefore, no evidence had been presented, and the case had not been submitted to a jury or to a court for decision.

Code § 8.01-380 permits a plaintiff to take one nonsuit as a matter of right.  A plaintiff's right to take a nonsuit, however, is not unlimited.  Dalloul v. Agbey, 255 Va. 511, 514, 499 S.E.2d 279, 281 (1998); Bremer v. Doctor's Building Partnership, 251 Va. 74, 81, 465 S.E.2d 787, 791 (1996); Trout v. Commonwealth Transp. Commissioner, 241 Va. 69, 73, 400 S.E.2d 172, 174 (1991); Khanna v. Dominion Bank, 237 Va. 242,

---

[*] Upon remand to the circuit court, plaintiff, over the objection of defendant, was permitted to file an amended motion for judgment that included certain claims that the circuit court dismissed during the first trial of this case, and those claims were not the subject of the first appeal. Ford does not challenge with an assignment of error in this appeal whether plaintiff can nonsuit claims that were dismissed during the first trial and, therefore, that issue is not before this Court.

245-46, 377 S.E.2d 378, 380-81 (1989).  We stated in Dalloul, 255 Va. 511 at 514, 499 S.E.2d at 281:

> "The language of Code § 8.01-380 allows a plaintiff, among other things, the right to take one nonsuit of any cause of action or claim that has not been struck from the case or submitted to the trier of fact for decision . . . ."

After a reversal of a circuit court's judgment and remand for a new trial, the litigants are restored to their original rights as though no previous trial had occurred, including the right to dismiss or nonsuit a case.  Nassif v. The Board of Supervisors, 231 Va. 472, 480, 345 S.E.2d 520, 525 (1986).  Of course, this principle does not apply to issues which, under the "law of the case" doctrine, are not subject to relitigation, see Lockheed Info. Mgmt. Systems v. Maximus, Inc., 259 Va. 92, 108, 524 S.E.2d 420, 429 (2000), or to parties and claims already dismissed with prejudice, or otherwise eliminated from a case, prior to a nonsuit, see Dalloul, 255 Va. at 514, 499 S.E.2d at 281.

Even though plaintiff's claims of negligence and breach of implied warranties against Ford had been submitted to the jury during the first trial, we reversed the circuit court's judgment that confirmed that verdict.  Therefore, the jury's verdict in that trial had no legal efficacy and, thus, plaintiff's submission of her case to that jury cannot have

4

any effect upon the viability of her claims in the present proceeding and her right to take a nonsuit.

As we held in <u>Dalloul</u>, Code § 8.01-380(A) permits a plaintiff to take a voluntary nonsuit of viable claims pending in the court at the time the nonsuit is taken. Clearly, plaintiff took her nonsuit in this case after remand to the circuit court so none of the statutory restrictions upon plaintiff's right to a nonsuit existed. Plaintiff's case had not been submitted to a jury, a motion to strike had not been sustained, and the case had not been submitted to the circuit court for decision. Therefore, we hold that plaintiff was entitled to take a voluntary nonsuit, and the circuit court did not err in granting her motion.

In view of our holding, we need not consider the litigants' remaining arguments. We will affirm the judgment of the circuit court.

<u>Affirmed</u>.