Present:  All the Justices

DENISE S. BERRY

v.  Record No. 050702  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    March 3, 2006
F&S FINANCIAL MARKETING, INC.

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge


In this appeal, we once again address the interplay between a plaintiff's right to a voluntary nonsuit under Code § 8.01-380 and the bar against judgment in former Rule 3:3(c).[1]  Because the plaintiff in this case requested a nonsuit prior to the defendant's motion to dismiss for failure to satisfy the one-year service of process requirement set forth in Rule 3:3(c) and Code § 8.01-275.1, we will affirm the judgment of the circuit court granting the nonsuit.

MATERIAL FACTS AND PROCEEDINGS

F&S Financial Marketing, Inc. (F&S), commenced this action to obtain a judgment against Denise S. Strother, now

_____

[1] In relevant part, former Rule 3:3(c) stated that "[n]o judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him."  Part Three of the Rules were repealed and replaced with new rules which became effective on January 1, 2006.  The substance of the quoted language is now set forth in Rule 3:5(e).  All references in this opinion to Rule 3:3(c) are to former Rule 3:3(c).

Denise S. Berry (Berry), for the balance due under a contract to finance the purchase of a motor vehicle.[2] On June 27, 2002, F&S filed a warrant in debt against Berry in the General District Court of Albemarle County. F&S effected service of process through the Secretary of the Commonwealth.[3] The general district court subsequently entered a default judgment against Berry.[4] F&S then filed a suggestion for summons in garnishment, and a garnishment summons was issued against Berry and her employer.

After receiving the garnishment summons, which was the first time Berry became aware of F&S's judgment against her, Berry filed a motion in the general district court to set aside the default judgment, claiming that the service of process through the Secretary of the Commonwealth was invalid. The general district court granted Berry's motion and vacated the default judgment, finding that it "was void for lack of jurisdiction." The general district court concluded that F&S did not exercise due diligence to locate

---

[2] After payments due under the financing contract were not timely made, F&S repossessed and sold the motor vehicle.

[3] Prior to filing the warrant in debt on June 27, 2002, F&S had filed two other warrants in debt against Berry. They were both returned without being served on Berry and contained the notation "not found."

[4] In the same proceeding, F&S also obtained a default judgment against Berry's now former spouse. That judgment is not before the Court in this appeal.

Berry and service of process through the Secretary of the Commonwealth, therefore, was not effective. See Code § 8.01-329.

Immediately following the general district court's oral ruling setting aside the default judgment, F&S orally moved for a nonsuit. After F&S requested the nonsuit, Berry filed a written motion to dismiss the action with prejudice, asserting that the "warrants and other pleadings and papers contained in the file of this case show that no legal service of process was had on said Denise S. (Strother) Berry within one year . . . as required by law."

The general district court granted F&S a nonsuit. Berry subsequently appealed from that judgment to the Circuit Court for Albemarle County. See Code § 16.1-106. In the circuit court, the parties stipulated the relevant facts and agreed that the sole issue before the circuit court was whether F&S was entitled to a voluntary nonsuit or whether Berry was entitled to a dismissal with prejudice.

By letter opinion, the circuit court concluded that F&S was entitled to a voluntary nonsuit because F&S had not previously taken a nonsuit and there was no counterclaim, cross-claim, or third-party claim pending that would prevent the taking of a nonsuit. The circuit court further

3

held that, contrary to Berry's argument, a defendant has no vested right in a Rule 3:3(c) defense. The circuit court entered a final order granting F&S a nonsuit.[5] We awarded Berry this appeal.

## ANALYSIS

On appeal, Berry contends that the circuit court erred in granting F&S a nonsuit and refusing to dismiss the action with prejudice pursuant to the provisions of Rule 3:3(c).[6] Berry argues that the one-year service of process requirement set out in Rule 3:3(c) and Code § 8.01-275.1[7] mandates a dismissal of the action against her because she was not served with process within that time period and the general district court found that F&S had not exercised due diligence to locate Berry. Consequently, according to Berry, she has a "vested property right" in a dismissal of this action. Relying on the decision in <u>Dennis v. Jones</u>,

---

[5] The circuit court's final order also denied Berry's motion for reconsideration.

[6] For the text of Rule 3:3(c), see <u>supra</u> note 1.

[7] Code § 8.01-275.1 provides that

> [s]ervice of process in an action or suit within twelve months of commencement of the action or suit against a defendant shall be timely as to that defendant. Service of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant.

4

240 Va. 12, 393 S.E.2d 390 (1990), Berry argues that the circuit court, therefore, erred in granting F&S a nonsuit. We do not agree.

The provisions of Code § 8.01-380 permit a plaintiff to take one nonsuit as a matter of right provided that the plaintiff "does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." Code § 8.01-380(A); accord Ford Motor Co. v. Jones, 266 Va. 404, 406, 587 S.E.2d 579, 580 (2003); Dalloul v. Agbey, 255 Va. 511, 514, 499 S.E.2d 279, 281 (1998). When F&S moved for a nonsuit, none of the specified statutory events that would preclude a nonsuit had occurred. After the general district court announced its ruling that the default judgment was void for lack of jurisdiction over Berry, see Singh v. Mooney, 261 Va. 48, 51, 541 S.E.2d 549, 551 (2001) ("[a]n order is void ab initio if entered by a court in the absence of jurisdiction . . . over the parties"), the parties were restored to their original positions as though the default judgment had never been entered, cf. Ford Motor Co., 266 Va. at 407, 587 S.E.2d at 581 ("[a]fter a reversal of a circuit court's judgment and remand for a new trial, the litigants are restored to their original rights as though no previous

5

trial had occurred, including the right to . . . nonsuit a case").  F&S then immediately moved for a nonsuit.  At that point in the proceedings, Berry had neither filed her motion to dismiss under Rule 3:3(c) nor yielded it to the trial court for decision.  In fact, both parties submitted memoranda to the trial court after Berry filed her motion to dismiss.  See Liddle v. Phipps, 263 Va. 391, 394, 559 S.E.2d 690, 692 (2002) ("when further submissions from the parties are contemplated, a matter has not been finally yielded for decision or finally determined"); compare Atkins v. Rice, 266 Va. 328, 331-32, 585 S.E.2d 550, 551-52 (2003) (motion to dismiss under the one-year service rule bars the taking of a nonsuit after submission of the parties' briefs to the court and completion of oral argument on the motion).  Thus, there was no statutory impediment to preclude F&S from exercising its right to a voluntary nonsuit.

Contrary to Berry's argument, this Court has consistently held that a plaintiff has a right to a voluntary nonsuit even though proper service of process has not been made upon the defendant.  Waterman v. Halverson, 261 Va. 203, 208, 540 S.E.2d 867, 869 (2001); McManama v. Plunk, 250 Va. 27, 32, 458 S.E.2d 759, 762 (1995); Clark v. Butler Aviation-Washington Nat'l, Inc., 238 Va. 506, 511,

6

385 S.E.2d 847, 849 (1989). Berry, nevertheless, argues on brief that her "appearance and motion to set aside the default judgment constituted personal service of process for the purpose of moving for dismissal under Rule 3:3." This Court, however, held in Clark that the plaintiff there was entitled to a nonsuit, as well as a tolling of the statute of limitations under Code § 8.01-229(E)(3), even though the defendant had been served with process more than one year after commencement of the action. 238 Va. at 511-12, 385 S.E.2d at 849-50. Similarly, in McManama, we concluded that

> the trial court erroneously placed limitations on the plaintiff's right to the voluntary nonsuit when it ruled that defendant "must first had to have been served with process, must have been before a court with jurisdiction over the defendant's person, and the defendant must have been given notice of hearing and an opportunity to be heard."

250 Va. at 32, 458 S.E.2d at 762. Thus, despite the fact that service of process upon Berry was not effected within one year of the commencement of the action against her, F&S was entitled to a nonsuit pursuant to Code § 8.01-380.

Berry also contends that she had a "vested right" to a dismissal with prejudice under Rule 3:3(c) and Code § 8.01-275.1 because the general district court had already concluded, in ruling on the motion to set aside the default

7

judgment, that F&S failed to exercise due diligence to serve Berry with process.[8] We do not agree. The granting of a nonsuit did not deprive Berry of "any valid or vested defense . . . of the time limits of Rule 3:3." McManama, 250 Va. at 34, 458 S.E.2d at 763; see also Clark, 238 Va. at 512 n.5, 385 S.E.2d at 850 n.5. Furthermore, when the general district court made its finding regarding the lack of due diligence by F&S, Berry had only moved to set aside the default judgment on the basis that service of process through the Secretary of the Commonwealth was not valid; she had not asserted any right to a dismissal under Rule 3:3(c). Therefore, Berry "had no justifiable expectation of a Rule 3:3 . . . defense under Virginia law that was entitled to protection under the due process clause of the Constitution." McManama, 250 Va. at 35, 458 S.E.2d at 763.

Finally, Berry's reliance on this Court's decision in Dennis is misplaced. There, we held that the trial court erred in refusing to set aside a default judgment because the attempt to serve the defendant was ineffective and the trial court thus never obtained personal jurisdiction over the defendant. 240 Va. at 19, 393 S.E.2d at 394. We then

---

[8] We do not decide in this appeal whether Berry was entitled to move for dismissal under Rule 3:3(c) since she was never actually served with process. See Gilpin v. Joyce, 257 Va. 579, 582, 515 S.E.2d 124, 126 (1999).

8

dismissed the action under Rule 3:3(c).  <u>Id.</u> at 19-20, 393 S.E.2d at 394.  In <u>Dennis</u>, however, the interplay between a plaintiff's right to a voluntary nonsuit and the provisions of Rule 3:3(c) was not at issue because the plaintiff there never moved for a nonsuit at any time during the proceedings.  That fact alone makes the decision in <u>Dennis</u> inapposite.

CONCLUSION

For these reasons, we will affirm the judgment of the circuit court holding that F&S was entitled to a voluntary nonsuit pursuant to Code § 8.01-380.

<u>Affirmed</u>.