Present: Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and Agee, JJ., and Russell, S.J.

BIO-MEDICAL APPLICATIONS OF VIRGINIA, INC.,
d/b/a TIDEWATER RENAL DIALYSIS CENTER

OPINION BY
v. Record No. 052317     SENIOR JUSTICE CHARLES S. RUSSELL
                              September 15, 2006
LISA COSTON

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Norman A. Thomas, Judge

This appeal presents the question whether a plaintiff's motion for a voluntary nonsuit was timely made under the terms of Code § 8.01-380(A). The facts pertinent to the appeal are undisputed.

*Facts and Proceedings*

Lisa Coston brought an action at law against Bio-Medical Applications of Virginia, Inc., d/b/a/ Tidewater Renal Dialysis Center, to recover damages for personal injuries she sustained in several falls while she was a patient receiving treatment in the defendant's dialysis facility. The falls were caused by defective equipment used by the defendant. The plaintiff alleged that the defendant had failed to meet the standard of care required of it as a health care provider. The trial court entered a pre-trial order directing the plaintiff to identify her expert witnesses and the plaintiff complied, designating as her witnesses a number of physicians and other medical staff.

The defendant, through discovery, ascertained that none of the plaintiff's designated expert witnesses was prepared to testify with respect to the applicable standard of care. The defendant then filed a motion for summary judgment, contending that the plaintiff, having brought a medical malpractice case, had a duty to present expert testimony that the defendant had fallen below the applicable standard of care, that the plaintiff had no such evidence, and that the plaintiff would therefore be unable to present a prima facie case.

The trial court heard oral arguments on the motion for summary judgment. At the conclusion of the plaintiff's final argument in opposition to the motion, the court said to defense counsel: "Final word, Mr. Wimbish." Defense counsel made a brief rebuttal argument. The court then stated: "The court finds upon consideration of the motion for summary judgment that the plaintiff has pled a medical malpractice action. . . . it's just where we find ourselves in this lawsuit, and that's the court's ruling. And it would indeed . . . require expert testimony to set the standard of care to render [an] opinion to a jury as to whether that standard of care was breached." (Emphasis added.)

The trial court then inquired of counsel: "With that said, does either counsel have anything further to say, or to request, or to move the court?" Counsel for the plaintiff

2

thereupon moved for a voluntary nonsuit.  Defense counsel opposed the motion on the ground that it came too late.  The court, after a review of our decisions, decided that it had not yet announced its ruling on the motion for summary judgment when the nonsuit motion was made, and that the plaintiff was therefore entitled to a nonsuit as a matter of right.  Over the defendant's objection, the court entered an order of nonsuit.  We awarded the defendant an appeal.

*Analysis*

Code § 8.01-380(A) provides, in pertinent part:  "A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision."  The plain language of this section imposes a time bar for the plaintiff's ability to interpose a nonsuit in three conceptually distinct situations:  The first contemplates a trial on the merits in which the plaintiff's case has been fully presented to the trier of fact, the plaintiff has rested, the defendant has moved the court to strike the plaintiff's evidence and the court has sustained the motion; the second contemplates a jury trial in which all parties have rested, the court has instructed the jury, and the jury has

3

retired to consider its verdict; the third contemplates a case in which the action is in the hands of the trial judge for final disposition, either on a dispositive motion or upon the merits.

Formerly, the only statutory limitation on the time in which a nonsuit could be taken was the second of these three situations, the jury's retirement from the bar. Code of 1919, § 3387; Code of 1950, § 8-220. The nonsuit statute was given its present tripartite form in 1954 (1954 Acts, ch. 333, amending former Code § 8-220) although in language differing slightly from that now in force. Since that time, we have frequently been called upon to construe its newer first and third branches.[1]

It has been necessary to apply different rules for the application of the first and third branches of the nonsuit statute. The first branch, involving motions to strike the

_____

[1] The older second branch, the jury's retirement from the bar, has been a part of our law for 207 years. 1789 Acts, ch. 28. Moore v. Moore, 218 Va. 790, 793-94, 240 S.E.2d 535, 537 (1978). It has not required analysis on appeal since 1954, perhaps because it involves a clearly discernable physical event in the courtroom. We touched upon it in Ford Motor Company v. Jones, 266 Va. 404, 587 S.E.2d 579 (2003), where we held that it was inapplicable where a judgment based upon a jury verdict had been reversed on appeal, the case had been remanded, and was awaiting a new trial. There, we held that although the first jury had retired from the bar, the reversal had restored the litigants to their original rights as though no trial had occurred. 266 Va. at 407, 587 S.E.2d at 581.

evidence, has been discussed and applied in a series of cases[2] beginning with <u>Berryman v. Moody</u>, 205 Va. 516, 137 S.E.2d 900 (1964). We have adhered to the rule, first announced in <u>Berryman</u>, that the time bar fixed by that branch of the nonsuit statute does not become effective until the trial court actually sustains a motion to strike the evidence. Thus, a nonsuit is timely if taken while the trial judge is explaining his ruling, as long as he has not actually sustained the motion to strike. <u>Id.</u> at 518-19, 137 S.E.2d at 902. Although this rule has been criticized on the ground that it rewards interrupting the court,[3] we have continued to apply it for the reasons stated in <u>Newton v. Veney</u>, 220 Va. 947, 265 S.E.2d 707 (1980), where we said:

> The construction we give the statute is necessary because of the varying practices followed by trial courts, and to avoid confusion and uncertainty. Some judges rule on a motion to strike without explanation or comment. Some rule and then explicate. And some analyze the motion, summarize and discuss the evidence, and then rule. When this last practice is followed a plaintiff is free to suffer a nonsuit at any time prior to a ruling by the court.

<u>Id.</u> at 952, 265 S.E.2d at 711.

---

[2] <u>E.g.</u> <u>Newton v. Veney</u>, 220 Va. 947, 265 S.E.2d 707 (1980); <u>Homeowners Warehouse, Inc. v. Rawlins</u>, 242 Va. xiii, 409 S.E.2d 115 (1991) (order and dissenting opinion); <u>Hilb, Rogal & Hamilton Co. v. DePew</u>, 247 Va. 240, 440 S.E.2d 918 (1994).

[3] <u>Homeowners Warehouse, Inc.</u>, 242 Va. at xiii, 409 S.E.2d at 116 (dissenting opinion).

The Berryman rule, however, applies only to the first branch of the nonsuit statute, when a motion to strike the evidence is before the court.  The present case arises under the third branch, the most productive of appeals, in which the determinative question is whether the case had been "submitted to the court for decision" when the motion for a nonsuit was made.  E.g. Moore v. Moore, 218 Va. 790, 240 S.E.2d 535 (1978); City of Hopewell v. Cogar, 237 Va. 264, 377 S.E.2d 385 (1989); Khanna v. Dominion Bank, 237 Va. 242, 377 S.E.2d 378 (1989); Wells v. Lorcom House Condominiums' Council, 237 Va. 247, 377 S.E.2d 381 (1989); Kelly v. Carrico, 256 Va. 282, 504 S.E.2d 368 (1998); Transcontinental v. RBMW, 262 Va. 502, 551 S.E.2d 313 (2001); Liddle v. Phipps, 263 Va. 391, 559 S.E.2d 690 (2002); Atkins v. Rice, 266 Va. 328, 585 S.E.2d 550 (2003).

When the plaintiff moved for a nonsuit in the present case, the parties had completed their oral arguments on a motion for summary judgment that would, if granted, have been dispositive.  The trial court had announced its ruling explicitly:  "and that's the ruling of the court."  The court's subsequent invitation to counsel to make further comment, while laudably courteous, gave them an opportunity to note their objections for the record but did nothing to

6

rescind the court's ruling.  "It would be absurd to hold that a claimant could suffer a nonsuit as a matter of right after a court had decided the claim.  Manifestly, an action has been 'submitted to the court for decision' by the time the court decides the matter."  Khanna, 237 Va. at 245, 377 S.E.2d at 380.

But even where the court has not yet ruled, under the third branch of the nonsuit statute, the case has been submitted to the court for decision when both parties have "yielded the issues to the court for consideration and decision."  Atkins, 266 Va. at 331, 585 S.E.2d at 551.  The time bar becomes effective then, and does not await the pronouncement of the court's ruling.  For that reason, the trial court erred in applying the Berryman rule to a situation governed by the third branch of the nonsuit statute.

*Conclusion*

When the motion for nonsuit was made in the present case, the action had already been "submitted to the court for decision" and the motion, therefore, came too late. Accordingly, we will reverse the judgment and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

7