COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Causey and Bernhard
Argued at Fredericksburg, Virginia

**PUBLISHED**

KATHRINE LYN ADKISON

v.        Record No. 0109-24-4

JENNA A. GIANDONI, AS PERSONAL
 REPRESENTATIVE FOR THE ESTATE OF
 JOHN GIANDONI

OPINION BY
JUDGE DAVID BERNHARD
MAY 6, 2025

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

Alexander P. Faig (Kylie M. Newsom; Moore, Christoff & Siddiqui,
PLLC, on briefs), for appellant.

Ryan P. Quinn (Law Offices of Ryan Quinn, PLLC, on brief), for
appellee.


This appeal presents the question of apparent first impression whether a plaintiff may take a *conditional nonsuit*—that is, request to nonsuit a case in advance of a dispositive ruling, to be granted only if that ruling proves unfavorable to the plaintiff. Kathrine Lyn Adkison[1] appeals an order of the circuit court granting a voluntary nonsuit to Jenna A. Giandoni ("Giandoni"), personal representative of the Estate of John Giandoni. After the court found service on Adkison defective and granted her motion to dismiss, it simultaneously granted Giandoni's alternative request for a nonsuit. Adkison contends the nonsuit was untimely because the matter had already been submitted for decision on her motion to dismiss. She also argues the court erred in granting both her dismissal motion and Giandoni's nonsuit in a single order.

---

[1] Kathrine is also spelled "Katherine," and Adkison is spelled variously in the record as "Adkinson," "Atkinson," and "Atkison."

This Court holds that Code § 8.01-380 does not permit a conditional nonsuit. The statute authorizes a plaintiff to take a voluntary nonsuit only *before* the case has been submitted to the court for decision. Here, once the litigants chose to submit a dispositive issue for final resolution, Giandoni's statutory right to nonsuit was foreclosed. Accordingly, and as discussed more fully below, this Court reverses the circuit court's order granting Giandoni's conditional nonsuit and remands the matter for entry of an order dismissing the case consistent with this opinion.

BACKGROUND

On March 13, 2020, Giandoni, as administrator for the Estate of John Giandoni, filed a wrongful death lawsuit against Adkison and the Estate of Jitesh Patel,[2] alleging the defendants conspired to murder John Giandoni. On March 17, 2021, Giandoni requested service of process on Adkison through the Secretary of the Commonwealth.[3] In 2023, Giandoni served Adkison at the latter's residence in Florida. Adkison, by special appearance, moved to dismiss the claim against her for untimely service of process under Code § 8.01-277(B).[4] Adkison contended that both service attempts occurred more than one year after the suit was initiated, and Giandoni failed to exercise due diligence.

---

[2] The record indicates that Patel neither appeared in the circuit court nor participated in the proceedings below. As a result, Patel is not a necessary party to this appeal. *See Erie Ins. Exch. v. Jones*, 301 Va. 61, 65 (2022) (holding that parties not named on appeal were not necessary when they did not participate in the proceedings below despite being named as defendants, had notice of the appeal, and "their interests on appeal are adequately represented by another litigant . . . who has the same or similar interests").

[3] *See* Code § 8.01-329 (permitting a party to serve a person who cannot be located despite due diligence through the Secretary of the Commonwealth of Virginia).

[4] A defendant may move to dismiss by special appearance if the plaintiff failed to serve the defendant "within one year of commencement of the action against him" and "did not exercise due diligence to have timely service." Code § 8.01-277(B).

Giandoni argued that the 2021 service of process through the Secretary of the Commonwealth was timely under the Supreme Court of Virginia's emergency orders tolling deadlines in response to the COVID-19 pandemic. Giandoni also contended that, "[i]n the alternative," she was "entitled to a voluntary nonsuit" under Code § 8.01-380, if the circuit court found that "the one-year service period was not tolled."

During argument on the motion to dismiss, Adkison conceded that the 2021 service of process through the Secretary of the Commonwealth was timely under the tolled deadline. Nevertheless, Adkison argued that attempted service, even if timely, was defective because Giandoni inaccurately identified Adkison's last known address and failed to serve a summons on the Secretary of the Commonwealth. Giandoni's counsel responded he was not prepared to address Adkison's arguments at the hearing because they were not raised in the motion to dismiss. Accordingly, the circuit court took the matter under advisement and requested supplemental briefs. Neither party addressed Giandoni's motion for nonsuit "in the alternative."

Both parties submitted supplemental briefs. Giandoni argued the 2021 service of process on Adkison through the Secretary of the Commonwealth was proper. At the same time, Giandoni again asserted that she was "entitled to a voluntary nonsuit" under Code § 8.01-380 "[i]n the alternative."

The circuit court found that service of process was defective and agreed that it "should be quashed" because Giandoni failed to serve a summons on the Secretary of the Commonwealth. The circuit court also "agree[d] that [Giandoni] may exercise her voluntary nonsuit . . . notwithstanding the evident defects" in service. The circuit court explained the Supreme Court of Virginia's decision in *Berry v. F&S Financial Marketing, Inc.*, 271 Va. 329, 333 (2006), "made clear that nonsuits under similar circumstances should be granted."

- 3 -

The circuit court directed the parties to draft an order consistent with its memorandum opinion. On the drafted order, Adkison objected to the nonsuit, arguing it was not timely under the statute. The final order stated that Adkison's motion to dismiss was "granted" and that the action was "dismissed without prejudice as nonsuited against the [d]efendant" under Code § 8.01-380. Adkison appealed.

ANALYSIS

Whether the circuit court erred in granting Giandoni's motion for a voluntary nonsuit "presents a question of law and as such is reviewed on appeal under a de novo standard." *Transcon. Ins. Co. v. RBMW, Inc.*, 262 Va. 502, 514 (2001). A plaintiff may exercise one nonsuit "as a matter of right," but the plaintiff must exercise this right "before a motion to strike the evidence has been sustained or before the jury retires from the bar or *before the action has been submitted to the court for decision*." Code § 8.01-380(A), (B) (emphasis added). It is well settled that an action is submitted to the court for decision "even where the court has not yet ruled . . . when both parties have 'yielded the issues to the court for consideration and decision.'" *Bio-Medical Applications of Va., Inc. v. Coston*, 272 Va. 489, 494 (2006) (quoting *Atkins v. Rice*, 266 Va. 328, 331 (2003)). In *Atkins*, the Supreme Court of Virginia held that once both parties had submitted all briefing and argument on a motion to dismiss for untimely service, the plaintiff lost the right to request a nonsuit. 266 Va. at 332. Thus, once a dispositive issue is submitted, the plaintiff's statutory right to a nonsuit is extinguished, regardless of how the request is styled or conditioned.

Adkison argues that the circuit court erred by granting Giandoni a voluntary nonsuit after Giandoni "cho[se] to submit the action for decision" on the motion to dismiss and requested a nonsuit only in the alternative. Adkison contends that Virginia law "does not allow a plaintiff to brief and submit a dispositive motion to the [c]ourt for decision and at the same time request a nonsuit if the [c]ourt finds against them." This Court agrees.

- 4 -

In response to Adkison's motion to dismiss, Giandoni did not unreservedly exercise her right to nonsuit. Instead, Giandoni invited the circuit court to rule on the merits of the motion to dismiss and only requested the nonsuit "in the alternative" if she lost on the dispositive issue.

Under Code § 8.01-380(A), a plaintiff can exercise the right to a nonsuit before "submitt[ing the action] to the court for decision." Therefore, "a party will not be permitted to take a nonsuit 'unless [doing] so . . . before the action has been *submitted* to the court for decision.'" *Atkins*, 266 Va. at 331 (emphasis added). An action is "submitted" when "the parties . . . have yielded the issues to the court for consideration and decision." *Id.*; *see also Anheuser-Busch Companies v. Cantrell*, 289 Va. 318, 319 (2015) ("[T]he circuit court erred in granting Cantrell's motion for nonsuit after the parties had completed their briefing and argument on the demurrers. Neither the parties nor the court anticipated any further proceedings on the demurrers, which hence were committed to the court for its ruling. Thus, the case was 'in the hands of the trial judge for final disposition' at the time of Cantrell's motion." (internal citation omitted)); *Moore v. Moore*, 218 Va. 790, 795-96 (1978) (holding the yielding of the issues to the court can be accomplished "either as the result of oral or written argument, formal notice and motion, or by tendering a jointly endorsed sketch for a decree (or in the case of disagreement over the form, two separate drafts upon notice and motion)"). Therefore, once argument and briefing on *dispositive* motions have been submitted to the trial court for resolution, the case may no longer be nonsuited while those matters remain under advisement "in the hands of the trial judge for final disposition." *Cantrell*, 289 Va. at 319 (quoting *Coston*, 272 Va. at 493).[5]

_____

[5] This bar to nonsuit is not always permanent. If the court rules on a dispositive motion with finality—such as by making a determination of liability or nonliability—the right to a nonsuit as to that claim is ended. By contrast, if the dispositive motion is denied or its resolution leaves open the opportunity for further action (e.g., to cure a procedural deficiency), the temporary bar to nonsuit is lifted. *See Bremer v. Doctor's Bldg. Pshp.*, 251 Va. 74, 80 (1996) (holding that a nonsuit was not barred by Code § 8.01-380(A) because the trial court's interpretation of a contract provision "did not resolve any issue of liability").

Here, Giandoni did not unequivocally exercise her right to nonsuit. Instead, she opposed Adkison's motion to dismiss on the merits, while asserting in the alternative she should be allowed to nonsuit if the court found service defective. By inviting the court to rule on the merits, Giandoni relinquished the right to maintain a nonsuit thereafter. Code § 8.01-380(A) draws a firm line: a plaintiff must elect either to nonsuit or to submit the matter for decision. Once briefing and argument on a dispositive issue are concluded and the court takes the matter under advisement, the case is no longer eligible for nonsuit. *Cantrell*, 289 Va. at 319.

The statute contains no exception permitting a nonsuit "in the alternative" after requesting judgment on the merits. The statute forbids precisely what Giandoni sought: a nonsuit after having lost the merits of the case. By asking the circuit court to grant a nonsuit as alternative relief only if it found service defective, Giandoni "yielded the issue[] to the court for consideration and decision." *Coston*, 272 Va. at 494 (quoting *Atkins*, 266 Va. at 331). In doing so, she lost the right to nonsuit by the time she chose to exercise it, i.e., when the circuit court rendered judgment.

Giandoni argues the trial court could consider both her nonsuit "in the alternative" and Adkison's motion to dismiss and rule simultaneously thereon based on *Liddle v. Phipps*, 263 Va. 391 (2002). The facts and procedural posture in *Liddle*, however, materially differ from those in the instant case. In *Liddle*, "the trial court ordered Phipps to respond to discovery requests propounded by Liddle and provided an escalating series of sanctions for failure to do so." 263 Va. at 394-95. "The trial court further ordered that if Phipps failed to completely and accurately respond to Liddle's discovery requests by November 2, 2000, Phipps'[s] 'action shall be dismissed with prejudice, which dismissal this Court finds to be an appropriate sanction in accordance with Rule 4:12 and other applicable Virginia law.'" *Id.* at 393. "[T]he last provision in the trial court's order stated, 'and this action is continued.'" *Id.* at 395. Phipps failed to comply timely with the court's order and instead, moved for a nonsuit on November 29, 2000, which the trial court granted. *Id.* at

393-94. In affirming the trial court, the Supreme Court explained that "[w]hen the trial court simultaneously considered the motion for entry of a dismissal order and the motion for entry of an order of nonsuit, the dismissal issue had not been decided or previously submitted to the court for decision." *Id.* at 396. In this case, unlike in *Liddle*, the parties had submitted Adkison's motion to dismiss to the trial court for a final decision. *Liddle* is inapposite because, in that case, the trial court merely indicated what it intended to do if Phipps failed to comply with a discovery order, but Liddle had not actually moved for dismissal prior to Phipps's nonsuit. *Id.* at 393.

Likewise, the circuit court's reliance on *Berry* in granting Giandoni's nonsuit was misplaced. In *Berry*, the defendant moved to set aside a default judgment on a warrant in debt for defective service of process. 271 Va. at 331. The general district court granted the defendant's motion and vacated the default judgment as "void for lack of jurisdiction." *Id.* The plaintiff then moved for a nonsuit and the defendant moved to dismiss the action, arguing that service of process was untimely. *Id.* at 331-32. The general district court granted the plaintiff a nonsuit, and the circuit court affirmed. *Id.* at 332. The Supreme Court affirmed the nonsuit order, explaining that "a plaintiff has a right to a voluntary nonsuit even though proper service of process has not been made upon the defendant." *Id.* at 333.

Under the Supreme Court's holding in *Berry*, a plaintiff's failure to effect proper service on a defendant does not, *by itself*, preclude the plaintiff from exercising the right to a voluntary nonsuit. *Id.* Nevertheless, the plaintiff must exercise this right "before the action has been submitted to the court for decision." Code § 8.01-380(A).[6] In *Berry*, the Supreme Court noted that "none of the

---

[6] A contrary interpretation allowing every litigant to hedge their bets by asserting a conditional nonsuit when confronted with the prospect of a dispositive ruling would turn most final rulings into merely advisory ones, and undermine judicial economy and finality as promoted by Rule 1:1(b):

> Unless otherwise provided by rule or statute, a judgment, order, or decree is final if it disposes of the entire matter before the court,

specified statutory events that would preclude a nonsuit had occurred" when the plaintiff moved for a nonsuit. 271 Va. at 333. In particular, the defendant had not yet sought dismissal of the action when the plaintiff moved for a nonsuit. *Id.* In contrast to *Berry*, where the plaintiff sought a nonsuit before the defendant even raised a dismissal motion, here Giandoni litigated the dispositive issue and only sought a nonsuit as a fallback—precisely what Code § 8.01-380 prevents. By requesting a decision on the merits of the motion, a "specified statutory event[] that would preclude a nonsuit had occurred," and Giandoni could no longer exercise her right to a nonsuit. *Id.*; *see also Coston*, 272 Va. at 494; *Atkins*, 266 Va. at 331-32.

## CONCLUSION

The circuit court erred in granting Giandoni a conditional nonsuit after the action had been submitted for decision. This Court therefore reverses the judgment of the trial court and remands for entry of an order dismissing the case with prejudice.[7]

*Reversed, remanded, and final judgment.*

---

including all claim(s) and all cause(s) of action against all parties, gives all the relief contemplated, and leaves nothing to be done by the court except the ministerial execution of the court's judgment, order, or decree.

This would also be contrary to the will of the General Assembly plainly expressed in Code § 8.01-380(A). Allowing conditional nonsuits after submission to dispositive rulings would encourage strategic delay and undercut judicial efficiency by permitting relitigation after full judicial engagement with the merits. The Supreme Court of Virginia has noted the nonsuit "is a powerful tactical weapon in the hands of the plaintiff" but subject to "several conditions to give balance to the exercise of that right." *Trout v. Commonwealth Transp. Comm'r of Va.*, 241 Va. 69, 73 (1991). Requiring assertion of the nonsuit before a case or claim is submitted for dispositive ruling is one of those clearly specified conditions.

[7] Adkison also argues that the circuit court erred by granting her motion to dismiss and granting Giandoni a nonsuit in the same order. In reversing this order on other grounds, this Court need not address this argument, because the "doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" *Heald v. Rappahannock Elec. Coop.*, 80 Va. App. 53, 72 n.7 (2024) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015)).

- 8 -